DET017733

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case:5:10-cv-11052
Judge: O'Meara, John Corbett
MJ: Komives, Paul J
Filed: 03-16-2010 At 10:12 AM
HC SMITH V LUDWICK (EB)

B

[illegible] LEE SMITH [illegible],
Petitioner,

VS

[illegible] LUDWICK,
Respondent,

______________________________/

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. 2254 BY A PERSON IN STATE CUSTODY

THE ATTORNEY GENERAL FOR THE STATE OF MICHIGAN: MICHAEL COX

1. MY NAME IS [illegible] LEE SMITH [illegible], MICHIGAN DEPARTMENT OF CORRECTIONS INMATE [illegible] HOUSED AT THE ST. LOUIS CORRECTIONAL FACILITY 8585 N. CROSWELL RD., ST. LOUIS, MI 48880.

2. [illegible] CONVICTION [illegible] A RESULT OF [illegible] WHICH TOOK PLACE IN THE COURT [illegible] OF WAYNE COUNTY CIRCUIT COURT [illegible] DANIEL [illegible], 1441 ST. ANTOINE, DETROIT, MI [illegible].

3. THE CONVICTION [illegible] THROUGH [illegible] NO CONTEST, [illegible] NO CONTEST PLEA [illegible] ADMISSION OF ANY GUILT [illegible] THE PART OF THE PETITIONER [illegible] WAYNE COUNTY [illegible] PETITIONER [illegible] WAYNE COUNTY [illegible] [illegible] NO CONTEST [illegible] PETITIONER [illegible] [illegible] WAYNE COUNTY [illegible] [illegible] NO CONTEST PLEA [illegible] GUILT [illegible] [illegible] CONVICTION [illegible] PETITIONER [illegible] FOR THE PURPOSE OF [illegible].

THIS SENTENCE WAS CARRIED OUT AND IS BEING CARRIED OUT BY THE MICHIGAN DEPARTMENT OF CORRECTIONS AND IT [illegible] HAVE TO CEASE [illegible] REASONS THAT [illegible] OF THE PETITIONER [illegible].

THE PETITIONER IS [illegible] TO A SENTENCE THAT WAS OBTAINED THROUGH A FORCED PLEA TO A NO CONTEST CONVICTION BECAUSE OF THE [illegible] ABUSE SUFFERED BY THIS PETITIONER AND [illegible] FORCED TO DO WHATEVER IT TOOK TO GET OUT OF THE WAYNE COUNTY JAIL.

PETITIONER IS ATTACKING THE JUDGMENT OF SENTENCE AND JUDGMENT OF CONVICTION OF THE WAYNE COUNTY CIRCUIT COURT FOR THE SENTENCE HANDED DOWN ON OCTOBER [illegible], [illegible] AND IS ATTACKING THE CIRCUMSTANCES SURROUNDING PETITIONER'S REASONS AND GROUNDS FOR TAKING THE NO CONTEST PLEA WHERE IT WAS NOT AN ADMISSION OF GUILT, HOWEVER, THE FACT THAT NO GUILT OF PETITIONER HAS EVER BEEN ESTABLISHED AND YET, A SENTENCE WAS DONE CONTRARY TO PETITIONER'S RIGHT TO FAIR TRIAL AND DUE PROCESS OF LAW.

THIS IS A CASE WHERE THE PETITIONER IS ATTACKING THE JUDGMENT AND SENTENCE AND CIRCUMSTANCES SURROUNDING THE ACTION WHICH WAS BROUGHT AGAINST PETITIONER AND THE FACT THAT THE RESPONDENTS PUT PETITIONER IN THE POSITION OF TAKING A FORCED PLEA AGREEMENT, AS STATED IN THE TRANSCRIPTS, AND THAT SENTENCE ON OCTOBER [illegible], [illegible] THIS SENTENCE TOOK PLACE.

PETITIONER STATES THAT THERE ARE NO OTHER MATTERS PENDING IN ANY STATE COURT OR FEDERAL COURT RELATED TO THE SENTENCE AND CONVICTION.

PETITIONER WAS CONVICTED AND SENTENCED UNDER [illegible] OF WAYNE COUNTY CIRCUIT COURT AND SENTENCED UNDER THE COUNTS OF KIDNAPPING AND RECEIVED [illegible] TO [illegible] YEARS IN THE STATE PRISON SYSTEM AND IS BEING HELD AGAINST THE WILL OF PETITIONER AND IN VIOLATION OF THE LAWS OF THE UNITED STATES CONSTITUTION AND TREATIES OF THE UNITED STATES AND IN VIOLATION OF FEDERAL RULINGS HELD BY THE U.S. SUPREME COURT.

PETITIONER IS HELD AGAINST HIS WILL BECAUSE OF JUDICIAL [illegible] DECISION-MAKING WHICH LED TO PETITIONER'S BEING HELD CONTRARY TO CLEARLY ESTABLISHED LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF MICHIGAN.

PETITIONER HAD APPOINTED APPEAL COUNSEL [illegible] [illegible] NORTHWESTERN ROAD, SUITE 150, TROY, [illegible] TO EFFECT AN APPLICATION FOR LEAVE TO APPEAL.

THE APPLICATION FOR LEAVE TO APPEAL THE [illegible] AND [illegible] CONDUCT WAS FILED IN THE MICHIGAN COURT OF APPEALS AND CONTAINED THE ISSUES FILED BY APPEAL COUNSEL, THE ISSUES RAISED WERE FAILURE TO GIVE PETITIONER [illegible] DAYS JAIL CREDIT AND FAILURE TO [illegible] OF PETITIONER [illegible] BY THE COURT, [illegible] JUDGE [illegible].

THESE WERE THE ONLY TWO ISSUES RAISED BY APPEAL COUNSEL [illegible] CASE WHERE THE PETITIONER IS SERVING [illegible] TO [illegible] YEARS IN PRISON.

THE MICHIGAN COURT OF APPEALS DENIED APPEAL [illegible] GROUNDS STATING THAT THERE WAS LACK OF MERIT IN THE GROUNDS PRESENTED.

PETITIONER ATTEMPTED TO PRESENT AN IN PRO PER SUPPLEMENTAL BRIEF ON APPEAL WITHIN THE 84 DAY TIME LIMIT BUT WAS UNABLE TO BECAUSE THE TRIAL COURT FAILED TO PROVIDE PETITIONER WITH THE TRANSCRIPT FROM THE AUGUST [illegible], 2008 MOTION HEARING IN WHICH JUDGE [illegible] CRITICAL CONSTITUTIONAL ISSUES [illegible] TO THE PETITIONERS MOTION. BECAUSE OF THAT FAILURE TO PROVIDE PETITIONER WITH THE TRANSCRIPTS, PETITIONER SOUGHT AN EXTENSION OF TIME TO FILE THE IN PRO PER SUPPLEMENTAL BRIEF ON APPEAL WITHIN THE 84 DAY DEADLINE, [illegible] THIS EXTENSION REQUEST MOTION TO THE COURT OF APPEALS, [illegible] MAILED THE PETITIONERS MOTION TO [illegible] APPEAL COUNSEL STATING THAT THE MOTION HAD TO COME FROM APPEAL COUNSEL [illegible] FAILED TO FILE SUCH MOTION [illegible] THE DECISION. AND, THE DECISION WAS DATED JANUARY 6, 2009, ONE MONTH AFTER PETITIONER HAD FILED FOR THE EXTENSION AND STILL HAD NEVER RECEIVED ANY TRANSCRIPTS FROM THE TRIAL COURT DESPITE THE FILING OF [illegible] MOTIONS [illegible] WITH MICHIGAN COURT RULES [illegible] WITHOUT [illegible] THE PETITIONERS ISSUES [illegible] PURSUANT TO STANDARD 4 RULES, THE COURT OF APPEALS REJECTED [illegible] APPLICATION FOR LEAVE TO APPEAL BASED ON THE [illegible] FILED BY APPEAL COUNSEL [illegible] NOT THE ISSUES FOR WHICH PETITIONER ACTUALLY SOUGHT [illegible] MOTION.

PETITIONER IMMEDIATELY AND TIMELY FILED AN APPLICATION FOR LEAVE TO APPEAL [illegible] OF DENIAL. THIS [illegible] RAISED THE GROUNDS OF FAILURE TO PROVIDE PETITIONER WITH TRIAL COURT [illegible] AND FAILURE TO REVIEW THE IN PRO PER BRIEF FILED BY PETITIONER, AND OTHER ISSUES IN SUPPORT OF [illegible] MOTION FOR RECONSIDERATION.

MOTION FOR RECONSIDERATION WAS DENIED ALSO.

PETITIONER THEN IMMEDIATELY FILED AN APPLICATION FOR LEAVE TO APPEAL THE MICHIGAN COURT OF APPEALS ORDER OF DENIAL TO THE MICHIGAN SUPREME COURT.

THIS APPLICATION FOR LEAVE TO APPEAL WAS ACCEPTED FOR FILING BY THE MICHIGAN SUPREME COURT ON JANUARY [illegible], 2010.

THE GROUNDS RAISED [illegible] THE GROUNDS [illegible] IN THIS ATTACHED BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS [illegible] [illegible] OF THE COURT OF APPEALS [illegible] APPLICATION FOR LEAVE TO APPEAL.

THE COURT OF APPEALS DENIED APPLICATION FOR LEAVE TO APPEAL [illegible] 1, 2010 STATING THAT THERE WAS LACK OF MERIT IN THE GROUNDS PRESENTED.

PETITIONER CITES THE STATE COURT RULINGS [illegible] THE FOLLOWING CRIMINAL CASE NUMBERS:

[illegible] NO. [illegible]-FC
[illegible] NO. [illegible]

[illegible]

THE PETITIONER STATES THAT THERE ARE NO OTHER [illegible] PENDING [illegible] [illegible] [illegible] THE [illegible] [illegible] [illegible] [illegible] [illegible] OF THE [illegible] [illegible] OF [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] HABEAS [illegible] [illegible] CUSTODY.

PLEASE [illegible] THE ATTACHED [illegible] IN SUPPORT OF THIS [illegible] FOR HABEAS CORPUS [illegible] THE [illegible] PETITIONER [illegible] ENTITLED TO [illegible] [illegible] THE [illegible] AND VACATE THE SENTENCE [illegible] [illegible] UPON THE CONSTITUTIONAL RIGHTS VIOLATIONS COMMITTED BY [illegible] [illegible] THIS [illegible] [illegible] IN THE INTEREST OF [illegible] [illegible] [illegible] OF THE PETITIONER'S RIGHTS [illegible] VIOLATED [illegible] [illegible] [illegible] RECOGNIZED.

GRANT ANY OTHER RELIEF [illegible] [illegible] [illegible] [illegible] APPROPRIATE.

RESPECTFULLY SUBMITTED,

[illegible]

[illegible]-176

ST. LOUIS CORRECTIONAL FACILITY

[illegible] N. CROSWELL ROAD

ST. LOUIS, MI [illegible]

BRIEF IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
STATEMENT OF QUESTIONS PRESENTED
ARGUMENTS AND RELIEF REQUESTED

ISSUE I: THE TRIAL COURT JUDGE DANIEL RYAN FAILED TO GRANT MY REQUEST FOR CHANGE OF VENUE MOTION BASED UPON THE FOX 2 NEWS CHANNEL AIRING CRUCIAL EVIDENCE IN THE CASE OF THE ALLEGED CRIME BEING COMMITTED BY THIS DEFENDANT WHEN IN DOING SO, DENIED DEFENDANT ANY OPPORTUNITY TO REVIEW THE EVIDENCE AND ALSO PREJUDICED DEFENDANT IN THE EYS OF THE JURY AND WITH THE PUBLIC HEARING SUCH ALLEGED MATERIAL, DID IN FACT DENY DEFENDANT THE OPPORTUNITY TO HAVE A DECISION TO HAVE A FAIR TRIAL IN THE WAYNE COUNTY CIRCUIT COURT AS THAT DEFENDANT COULD NOT GET A FAIR TRIAL DEFENDANT HAD NO OTHER CHOICE EXCEPT TO ENTER A NO-CONTEST PLEA BASED UPON THE DECISION MAKING THAT FAVORED THE PROSECUTION AND NOT DEFENSE AS THAT THE DEFENDANT KNEW THAT HE WOULD IN NO WAY RECEIVE A FAIR TRIAL BASED UPON THE ERRONEOUS DECISION-MAKING BY JUDGE RYAN.

ISSUE II:

THE COURT SHOULD DISMISS THE CONVICTION AND SENTENCE WITH PREJUDICE BASED UPON THE PROSECUTION AND 35TH DISTRICT COURT JUDGE NANCY BLOUNT ISSUING AN ORDER TO RAISE BOND CONTRARY TO DEFENDANTS CONSTITUTIONAL RIGHTS WHEN THE ONLY BOND THAT WOULD BE CONSTITUTIONALLY VALID IS THE BOND OF "PERSONAL BOND" AS THAT THE BOND BEING SET AT $150,000.00 WAS CONSTITUTIONALLY INVALID AS THAT DEFENDANT WAS INDIGENT AND WITHOUT ANY INCOME OR WORK TO PAY THE HIGHLY OUTRAGEOUS BOND WHICH FORCED ME TO REMAIN IN THE WAYNE COUNTY JAIL UNDER HORRIBLE CONDITIONS WHICH DENIED ME THE OPPORTUNITY TO EFFECTIVELY PREPARE AND RESEARCH MYCASE FOR LEGAL DEFENSE AND PREPARE A DEFENSE WHERE BECAUSE OF THE INHUMANE LIVING CONDITIONS, I WAS FORCED TO LIVE IN A COUNTY JAIL WHERE THERE IS NOISE 24 HOURS AS DAY 7 DAYS A WEEK, SLEEP DEPRIVED AND FORCED TO GO TO BED AT 11:00PM AND AWAKEN AT 3:00AM FOR COURT DATES WITH NO SLEEP, AND FORCED TO BE KEPT APART FROM MY FAMILY, NO FRESH AIR, NO SUNSHINE, NO LEGAL DOCUMENTS, FORCED TO DEAL WITH NOISE THAT WAS HORRIBLY DONE ALL WITH THE INTENT AND PURPOSES OF CAUSING ME TO HAVE SLEEP DEPRIVATION AND EVEN THOUGH I WAS REPRESENTING MYSELF IN THE CASE, I WAS NOT GIVEN THE PROPER MATERIALS OR TIME TO FULL RESEARCH MY CASE AS AN IN PRO PER REPRESENTATIVE IS ALLOWED TO. I WAS DENIED THE PROPER FOOD, SLEEP, AND THE VICTIM OF MENTAL ABUSE WHICH WAS ALL DONE IN ORDER TO ALLOW THIS DEFENDANT TO NOT HAVE A FAIR TRIAL AND NOT BE OF FULL SOUND AND MIND AND BE 100% EFFECTIVE ALL BECAUSE OF THE HORRIBLE LIVING CONDITIONS THAT I WAS PLACED INTO AGAINST MY WILL AND BECAUSE OF THE FACT THAT I COULD NOT GET ANY SLEEP WITH THE NOISE AND THE OFFICERS BANGING ON THE STEEL AND THE INMATES

[illegible] IS THE JUDGMENT THAT THE CHARGES SHOULD BE DISMISSED [illegible] CONVICTION VACATED AND [illegible] VACATED AND DISMISSED WITH PREJUDICE AS THAT THE WAYNE COUNTY PROSECUTOR HAS FAILED TO GIVE DEFENDANT THE OPPORTUNITY TO FULLY REVIEW [illegible] AGAINST DEFENDANT, THIS EVIDENCE WAS NOT PROVIDED AS PART OF DISCOVERY RULES AND WAS NOT PROVIDED TO DEFENDANT AS WAS ORDERED BY THE DISTRICT [illegible] THE PROSECUTOR, THE COURT [illegible] 911 CALL, [illegible] IN THE [illegible] COURT OF JUDGE RYAN, [illegible] ASKED JUDGE RYAN TO ORDER DEFENDANT TO GIVEN A CHANCE TO FULLY REVIEW THE 911 CALL, AND THAT AT NO [illegible] THE PROSECUTOR EVER ATTEMPT TO OR MAKE ANY ATTEMPT TO [illegible] COMPLIANCE WITH THE COURT'S ORDER, [illegible] DISCOVERY, [illegible] TRIAL DATE [illegible] JUDGE RYAN, AS TO THE [illegible] TO DISCOVERY, AND THE FAILURE OF THE PROSECUTOR TO COMPLY [illegible] COURT [illegible] TO ALLOW DEFENDANT THE CHANCE TO REVIEW THIS INFORMATION AND EVIDENCE, [illegible] INFORMATION AND AT [illegible] THE 911 CALL AT THE [illegible] JUDGE RYAN, THIS DECISION BY JUDGE [illegible] A DECISION [illegible] TO THE PROSECUTION AND TOTAL [illegible] OF DEFENDANT RIGHTS TO HAVE THE EVIDENCE [illegible] FULLY [illegible] DEFENDANT [illegible] WAS NOT [illegible] SO, [illegible] DEFENDANT [illegible] CONSTITUTIONALLY [illegible] RIGHT TO A FULL DISCOVERY [illegible] FULL [illegible] OF THE EVIDENCE [illegible] AGAINST DEFENDANT AND YET, THIS RIGHT WAS DENIED AND THE LAW BROKEN WHERE DEFENDANT WAS NOT PROVIDED A CHANCE TO FULLY REVIEW THE [illegible] INFORMATION AVAILABLE TO DEFENDANT [illegible] TRIAL [illegible] IT WAS THE [illegible] KEY [illegible] OF EVIDENCE THEY [illegible] IN A CRIMINAL CASE [illegible] BECAUSE OF THE [illegible] THE RIGHT TO FULLY REVIEW THE [illegible] 911 CALL, AND [illegible] DISCOVERY RIGHT [illegible] VIOLATED TOTALLY AND COMPLETELY [illegible] THE LAW WAS [illegible] DEFENDANT ASKS THAT THIS [illegible] THE [illegible] AND DISMISS THE ENTIRE CRIMINAL CASE WITH PREJUDICE BASED ON THE VIOLATION OF THE [illegible]

[illegible]

[illegible] CONVICTION [illegible] THE CASE DISMISSED [illegible] BY [illegible] THAT A COMPLAINT MUST [illegible] THERE IS NO CITATION LISTED [illegible] THE [illegible] DEFENDANT.

[illegible] COMPLAINT MUST BE SIGNED AND SWORN TO BEFORE A JUDICIAL OFFICER OR COURT CLERK. THERE IS NOTHING THAT SHOWS THAT THE COMPLAINT PROVIDED TO DEFENDANT WAS SIGNED AND SWORN TO BEFORE A JUDICIAL OFFICER OR COURT CLERK. NOTHING ON THE RECORD SHOWS THAT THE COMPLAINT WAS SIGNED & SWORN TO, NOR WAS A COPY OF ANY WARRANT EVER PROVIDED TO DEFENDANT AND [illegible] HAS A COPY OF ANY WARRANT EVER BEEN [illegible] TO DEFENDANT TO VERIFY THAT A WARRANT FOR [illegible] ACTUALLY [illegible] FILED ACCORDINGLY. AND [illegible] WARRANT [illegible] OF A [illegible] THEN IT WAS ONLY [illegible] COURT AND [illegible] TO THE VIOLATION OF DEFENDANT'S RIGHTS BEING COMMITTED AND AS A RESULT, THE DEFENDANT SHOULD BE ALLOWED TO [illegible] THE SENTENCE-- [illegible] CONSTITUTIONAL RIGHTS VIOLATIONS THAT HAVE TAKEN PLACE, [illegible] THAT THE [illegible] TO BEFORE ANY JUDICIAL OFFICER [illegible] ANY CLERK OF THE COURT [illegible] JUDICIAL OFFICER [illegible] THUS VIOLATING THE RULES OF COURT AND DEFENDANT CONSTITUTIONAL RIGHTS TO DUE PROCESS [illegible] RIGHT TO HAVE A WARRANT LEGALLY ISSUED.

[illegible] SAYS THAT A COMPLAINT MAY NOT BE FILED WITHOUT A [illegible] WRITTEN APPROVAL ENDORSED ON THE COMPLAINT [illegible] I SAY THAT THIS [illegible] WAYNE COUNTY PROSECUTOR'S OFFICE [illegible] DOES NOT HAVE ANY [illegible] UPON IT. IT IS NOT [illegible] AND IT DOES NOT SPECIFY [illegible] OR REQUEST FOR [illegible] DEFENDANT, IT'S JUST A PIECE OF [illegible] AND MY [illegible] THAT MY ARREST WAS UNLAWFUL, BASED UPON THE ABOVE REASONS AND VIOLATION OF COURT RULE.

[illegible] COMPLAINT [illegible]

I SAY THAT THIS IS A [illegible] STATEMENT, PARTICULARLY BECAUSE [illegible] IS BEING [illegible] A JURY [illegible] DEFENDANT [illegible] OFFENSE, WHICH [illegible] ALLEGED [illegible]. THERE IS NO [illegible] THE JUDGE [illegible] CONVICTION [illegible].

I ALSO SAY THAT THERE IS NOTHING TO [illegible] DATE & HEARING

WAS HELD TO DETERMINE THAT A WARRANT SHOULD BE SIGNED. WHEN DID THE JUDGE SIGN OR APPROVE THE WARRANT FOR MY ARREST? WHAT DAY WAS IT? AND [illegible] HEARING TO CONVINCE A JUDGE TO ARREST ME WAS FOR PROBABLE CAUSE DETERMINATION. TO WHICH, I WAS SUPPOSED TO BE AFFORDED THE RIGHTS UNDER MCR [illegible] WHERE THE TESTIMONY OF A SWORN WITNESS WAS PRESERVED TO [illegible]. I SAY THAT I HAVE NOT HAD THE CHANCE TO [illegible] ANY TESTIMONY GIVEN FOR THE PROBABLE CAUSE HEARING? [illegible] IN VIOLATION OF MCR 6.102.

[illegible] VIOLATED [illegible] OFFICER [illegible] AUTHORIZED BY LAW TO ARREST AND BRING THE ACCUSED BEFORE A JUDICIAL OFFICER [illegible] DISTRICT IN WHICH THE [illegible] ALLEGED WAS COMMITTED.

I SAY THERE IS NO [illegible] WARRANT [illegible] [illegible] CLASSIFIED [illegible] [illegible] SHERIFF'S OFFICERS [illegible] ANY WARRANT [illegible] THE RECORD [illegible] NOTHING TO SHOW THAT [illegible] WARRANT [illegible] ARREST [illegible] ILLEGAL [illegible] AS A RESULT OF THE ILLEGAL [illegible] ILLEGAL CONVICTION AND SENTENCE, AND THE COURT SHOULD [illegible] THE ENTIRE CASE TO BE DISMISSED WITH PREJUDICE AS THAT NO WARRANT [illegible] THE SENTENCE AND CONVICTION [illegible] THE DEFENDANT BEING ARRESTED WITHOUT ANY WARRANT [illegible] ISSUED OR [illegible] OR SHOWN TO THIS VERY DAY.

[illegible] THE COURT SHOULD [illegible] CONVICTION [illegible] SENTENCE AND [illegible] FAILURE TO [illegible] TIMELY PRELIMINARY EXAMINATION [illegible] TO [illegible] FAILURE TO [illegible] CAUSE OR THE [illegible] PRELIMINARY EXAMINATION [illegible].

[illegible] (A)(C)(D)(1) [illegible] ENTITLED TO [illegible] PRELIMINARY EXAMINATION [illegible] THE DISTRICT [illegible] BEFORE ME [illegible] CHARGES [illegible] DISMISSED WITH [illegible]

I WAS READY [illegible] WAS READY. AS [illegible] I WAS [illegible] AUGUST INSTEAD [illegible] PRELIMINARY [illegible] TEST" I DID

ASSISTANT PROSECUTOR ELIZABETH VAN [illegible], AND SUZETTE SAMUELS BOTH DECIDED THAT THEY WOULD NOT ALLOW ME THE OPPORTUNITY TO HAVE A LIST OF ANY LAY WITNESSES OR ANY EXPERTS THAT IT INTENDED TO CALL, NEVER AT ANYTIME DID THEY EVER ATTEMPT TO PROVIDE ME WITH ANY INFORMATION OR RULES OF DISCOVERY MAY MUST BE DONE, AND THIS ITSELF IS WRONG AND SHOULD BE GROUNDS ENOUGH TO HAVE THE CONVICTION, SENTENCE AND CHARGES DISMISSED WITH PREJUDICE BASED UPON THIS COMMON SENSE RIGHT TO DISCOVERY THAT ANY DEFENDANT HAS.

ISSUE VIII: THIS COURT SHOULD VACATE THE SENTENCE, CONVICTION AND CHARGES WITH PREJUDICE AS THAT THE DISTRICT COURT JUDGE NANCY BLOUNT AND CIRCUIT COURT JUDGE DANIEL P. RYAN BOTH FAILED TO GRANT DEFENDANT'S MOTION FOR POLYGRAPH TESTING TO BE DONE ON DEFENDANT DERRICK LEE SMITH AND BOTH ACCUSER'S [illegible] AND [illegible], THIS WOULD HAVE DETERMINED WHO WAS LYING AND WHO WAS BEING TRUTHFUL REGARDING THIS CRIMINAL CASE BEFORE THE COURT, AND SINCE THIS WAS ONCE AGAIN, ANOTHER DECISION DENIED BY JUDGE RYAN AND SHOWED FAVORTISM TO THE PROSECUTION, IT SHOWED HOW THE JUDGE LACKED IMPARTIALITY AND DENIED ME MY RIGHT TO A FAIR TRIAL AND SHOWED THAT I WOULD NOT HAVE BEEN GIVEN A FAIR TRIAL BECAUSE HE WOULD NOT GRANT THESE SIMPLE MOTIONS, MAKING IT SIMPLE THAT IF I DID NOT ENTER A FORCED PLEA, THAT I WOULD BE TRAPPED BY THIS HORRIBLE JUDGE AND SENTENCED TO PRISON FOR LIFE THE REST OF MY NATURAL LIFE DESPITE THE MANY CONSTITUTIONAL GROUNDS THAT I CITED AND ARGUED TO GET THE CRIMINAL CHARGES THROWN OUT, THIS WAS AN OUTRIGHT MODERN DAY LYNCHING BY JUDGE RYAN AND THE PROSECUTOR'S OFFICE WHERE THE WOULD NOT EVEN GRANT THIS SIMPLE REQUEST TO HAVE EVERYONE PARTICIPATE IN A POLYGRAPH EXAMINATION TO SHOW WHO WAS LYING ABOUT ON THE NIGHT IN QUESTION, AND IN DOING SO, DENIED ME A FAIR TRIAL CONTRARY TO THE 6TH AND 14 AMENDMENT TO THE CONSTITUTION.

ISSUE VIIII:

THIS CONVICTION, SENTENCE AND CRIMINAL CASE SHOULD BE DISMISSED WITH PREJUDICE AS THAT DEFENDANT ACTUALLY INNOCENT AND NOT GUILTY OF THE CRIMES CHARGED, THERE HAS BEEN A GROSS INFRINGEMENT OF MY RIGHT TO THE PROCESS OF LAW AS GUARANTEED BY THE 6TH AMENDMENT TO THE U.S. CONSTITUTION WHERE I HAD A RIGHT TO SPEEDY TRIAL AND WHERE [illegible] SHOWS I HAVE A RIGHT TO A PROMPT PRELIMINARY EXAMINATION.

ISSUE X: THE CRIMINAL CONVICTION, SENTENCE AND CHARGES SHOULD BE DISMISSED BASED UPON THE FACT THAT THE CHARGES AND CONVICTION AND SENTENCE VIOLATE THE 5TH AMENDMENT'S BAN ON DOUBLE JEOPARDY SUBJECT FOR THE SAME OFFENSE TWICE WHERE I WAS CHARGED WITH TWO COUNTS OF KIDNAPPING AND CSC. THE CHARGES STATED THAT I WAS COMMITTED THE SAME OFFENSE IN THE SAME NIGHT AND THE SAME INSTANCE, HOWEVER, IF THIS CONVICTION WERE ALLOWED TO STAND, THEN IT SHOWS I WAS TWICE PLACED IN JEOPARDY OF MY LIFE, CONTRARY TO THE 5TH AMENDMENT BECAUSE MY LIFE HAS BEEN TAKEN AWAY FROM ME TO APPEASE THE PROSECUTOR'S OFFICE. HOW CAN I BE CHARGED WITH THE SAME CRIME TWICE? THE FACT THAT THE ALLEGED VICTIMS SAY THAT I KIDNAPPED THEM AND FORCED SEX ON THEM, AND THE CONVICTION ALLOWED TO STAND PLACED ME IN JEOPARDY OF LOSING MY FREEDOM BASED UPON AN ACTION THAT WAS NOT LEGAL SO THAT I MUST NOT BE SUBJECT FOR THE SAME OFFENSE TO BE TWICE PUT IN JEOPARDY OF MY LIFE. THE CONSTITUTION IS CLEAR, SO I SHOULD BE ALLOWED TO HAVE THE CHARGES

DISMISSED WITH PREJUDICE AND THE CONVICTION AND SENTENCE DISMISSED WITH PREJUDICE BECAUSE I HAVE BEEN TWICE PLACED IN JEOPARDY OF MY LIFE, WHICH HAS BEEN TAKEN AWAY BECAUSE OF THE WAYNE COUNTY PROSECUTOR'S OFFICE BRINGING THESE CHARGES WHEN NOTHING HAS BEEN DONE ON MY PART EXCEPT THAT I AM AN INNOCENT MAN.

ISSUE XI:
THE CRIMINAL CONVICTION, CRIMINAL SENTENCE, AND CRIMINAL CHARGES SHOULD BE DISMISSED WITH PREJUDICE IN THAT I CLEARLY ASSERTED MY RIGHT TO HAVE THE PRELIMINARY EXAMINATION WITHIN 14 DAYS OF THE WARRANT BEING ISSUED AND THE RIGHT TO CONFRONT MY ACCUSERS AS GUARANTEED BY THE 5TH--6TH AND 14TH AMENDMENTS TO THE CONSTITUTION. I STATED UNEQUIVOCALLY THAT I WISHED TO REPRESENT MYSELF ON JANUARY 16, 2009 AND HAVE MY SCHEDULED PRELIMINARY EXAMINATION PROCEED AS THE CONSTITUTION GIVES ME THAT RIGHT. THERE WAS NO ADJOURNMENT ON MY PART NOR ON THE PART OF ANYTHING THAT THE DEFENSE FILED. MCR 6.110(B)(1), STATING THAT THE 36TH DISTRICT COURT FAILED TO PROVIDE DEFENDANT WITH THE RIGHTFUL PRELIMINARY EXAMINATION WITHIN 14 DAYS OF BEING ARRAIGNED ON THE CRIMINAL CHARGES. THE ARRAIGNMENT WAS NOT ADJOURNED FOR ANY GOOD CAUSE. I CLEARLY HAD MY ARRAIGNMENT WHICH HELD ON JANUARY 16, 2009. ON JANUARY [illegible], 2009, I WAS TAKEN FROM THE WAYNE COUNTY JAIL AGAINST MY WILL, IN SHACKLES AND HANDCUFFS AND TAKEN TO THE COURT ROOM OF [illegible]. I ASKED TO HAVE MY PRELIMINARY EXAMINATION AND CONFRONT MY ACCUSERS, BUT THIS DID NOT HAPPEN, ON FEBRUARY [illegible], 2009, I STILL HAD NOT HAD MY PRELIMINARY EXAMINATION [illegible] THE NEXT PRELIMINARY EXAMINATION DATE WAS SCHEDULED FOR MAY 26, 2009, A 4 MONTH DELAY. AT THAT TIME AFTER THE STATEMENT, MYSELF WAS AND IS STILL A VIOLATION OF MCLA 766.7; MCR 6.110(B) WHICH STATES THE CLEAR FOLLOWING LANGUAGE:
"THE PRELIMINARY EXAMINATION MUST BE HELD WITHIN 14 DAYS OF ARRAIGNMENT ON THE WARRANT, UNLESS THE ARRAIGNMENT IS ADJOURNED FOR GOOD CAUSE, OR THE CASE MUST BE DISMISSED. SEE <u>MCLA. 766.7; MCR 6.110(B)(1), PEOPLE V. WESTON, 413 MICH. 371, 319 N.W.2d 537 (1982).</u>"
THE COURT OF APPEALS AND THE [illegible] SUPREME COURT'S [illegible] I DID NOT HAVE MY PRELIMINARY EXAMINATION WITHIN 14 DAYS OF THE date of arraignment on the warrant, THEREFORE, THE CASE MUST BE DISMISSED, UNEQUIVOCALLY, AND NOT HAVE IT BROUGHT TO TRIAL AND PROSECUTED, BUT DISMISSED WITH PREJUDICE. I ASSERTED MY RIGHTS UNEQUIVOCALLY, AND ASSERTED MY RIGHT TO SPEEDY TRIAL, THIS WAS VIOLATED BY MY NOT HAVING THE PRELIMINARY EXAMINATION UNTIL 5/26/09. THIS ISSUE WAS NOT WAIVED BY THE PLEA BECAUSE THE PLEA WAS ONLY DONE TO GET OUT OF THE COUNTY JAIL, IT WAS NOT AN ADMISSION OF GUILT, NO CONTEST WAS THE PLEA AND WAS NOT AN ADMISSION OF GUILT OR IF I EVER ADMITTED GUILT, HOW CAN I WAIVE MY RIGHT'S TO A SPEEDY TRIAL?? THIS IS A CONFLICT AND EQUAL PROTECTION RIGHTS VIOLATION AND DENIAL OF MY RIGHTS TO SPEEDY TRIAL. I WAS ENTITLED TO HAVE THE PRELIMINARY EXAMINATION WITHIN 14 DAYS OF THE DATE OF THE ARRAIGNMENT ON THE WARRANT, THIS WAS NOT DONE, AND AS SUCH, THE CASE SHOULD BE DISMISSED WITH PREJUDICE BECAUSE OF THE BLATANT [illegible] ERROR DENIAL OF MY RIGHTS TO DUE PROCESS OF LAW AND RIGHT TO SPEEDY TRIAL. EITHER A DEFENDANT HAS THE RIGHT TO SPEEDY TRIAL OR NOT, AND SINCE IT WAS OF NO FAULT OF MY OWN, THERE IS NOTHING THAT CAN BE USED TO SHOW THAT I ASKED FOR A WAIVER OF MY SPEEDY TRIAL RIGHT TO PRELIMINARY EXAMINATION, I ASKED FOR MY RIGHT AND THIS WAS DENIED, THROUGH NO CONTROL OF MINE, CONTRARY TO MY SPEEDY TRIAL RIGHTS

WITH NO GOOD CAUSE BEING SHOWN AND CONTRARY TO THE COURTS RULING IN PEOPLE V. WESTON, AND THEREFORE, THE CASE SHOULD BE DISMISSED WITH PREJUDICE AND NOT BE BROUGHT UP AGAIN FOR MY CONSTITUTIONAL RIGHTS BEING VIOLATED AND MY RIGHT TO A FAIR AND SPEEDY TRIAL BEING VIOLATED. PLEASE VACATE THE CONVICTION, SENTENCE, AND CHARGES WITH PREJUDICE BASED UPON A SPEEDY TRIAL RIGHTS VIOLATION.

XII:
THE COURT SHOULD VACATE THE CONVICTION, SENTENCE AND CRIMINAL CASE WITH PREJUDICE WHERE DISTRICT JUDGE CYLENTHIA LATOYE MILLER OF 36TH DISTRICT COURT FAILED TO MAKE A RULING ON THE MOTION TO DISMISS ALL CRIMINAL CHARGES AGAINST DEFENDANT BASED ON COMPLAINANTS TESTIMONY BEING FALSE AND PERJURIOUS AS THAT IT WAS NOT RIPE, WHEN IN FACT THE COURT HAD FULL AUTHORITY TO GRANT THIS MOTION AS THAT IT WAS FILED IN THE SAME DISTRICT COURT WHERE THE TESTIMONY OF THE COMPLAINANTS WAS USED TO BRING THE CRIMINAL CHARGES AGAINST DEFENDANT, THIS COURT HAD THE FULL AUTHORITY TO GRANT THIS MOTION AND RULE UPON THE ISSUES CONTAINED THEREIN AND FAILED TO MAKE A JUDICIAL DECISION. THIS 36TH DISTRICT COURT HAD ENOUGH EVIDENCE TO GRANT THE WAYNE COUNTY PROSECUTOR'S OFFICE'S MOTION TO BIND ME OVER ON THE COMPLAINANTS TESTIMONY AND HAD FULL AUTHORITY TO DISMISS THE CHARGES ON MY WITNESSES TESTIMONY THAT IS CREDIBLE AND PROVES THAT THE TESTIMONY USED TO GET THE WARRANT AND GIVE BINDOVER AND CONVICTION AND SENTENCE WAS BASED ON FALSE AND PERJURIOUS AND SHOULD HAVE BEEN ALLOWED AND RULED UPON ON THE MERITS OF THE TESTIMONY OF DEFENDANTS WITNESS, BUT WAS NOT DONE AND AS SUCH, RESULTED IN A CONSTITUTIONALLY INVALID DECISION-MAKING PROCESS WHICH DENIED DEFENDANTS THE CONSTITUTIONALLY PROTECTED RIGHTS AFFORDED DEFENDANT IN THE 4TH, 5TH, 6TH AND 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF MICHIGAN WHERE TESTIMONY WAS TAKEN FROM ALLEGED CREDIBLE WITNESSES TO BRING ME TO COURT FOR PROSECUTION AND YET, THIS SAME TESTIMONY FROM MY CREDIBLE WITNESS WAS NOT ALLOWED, INFRINGING UPON MY CONSTITUTIONAL RIGHTS TO FAIR HEARINGS IN A COURT OF LAW.

XIII:
THE COURT SHOULD VACATE THE PLEA AS THAT IT WAS OBTAINED CONTRARY TO MCR 6.302 WHERE THE ONLY REASON I ENTERED THE NO CONTEST PLEA WAS FOR THE PURPOSE OF GETTING OUT OF THE WAYNE COUNTY JAIL AND THE HORRIBLE LIVING CONDITIONS AND ALSO THE CONTINUED MENTAL ABUSE THAT I WAS BEING SUBJECT TO AND BEING PLACED AS VICTIM OF BY THE WAYNE COUNTY JAIL STAFF THROUGH THE SLEEP DEPRIVATION THAT I WAS SUFFERING. I ALSO STATE THAT I OBJECTED CLEARLY TO THE GROUNDS USED TO STATE THAT I WAS A HABITUAL OFFENDER AND THE SCORING THAT WAS USED TO SAY THAT I WAS SCORED AGAIN ON FACTORS THAT WERE ALREADY CONSIDERED BY THE SENTENCING COURT ON MY PRIOR CONVICTIONS AND HAD THE SAME FACTORS AND CIRCUMSTANCES OF A CRIME USED TO CONVICT ME AGAIN BY THE SENTENCING COURT CONTRARY TO MICHIGAN'S INDETERMINATE SENTENCING SCHEME, WHEN A COURT USE FACTORS AND NATURE AND CIRCUMSTANCES OF AN OFFENSE THAT WAS ALREADY USED AND CONSIDERED BY A SENTENCING COURT TO IMPOSE A MINIMUM SENTENCE IN A PRIOR CONVICTION CASE, IT VIOLATES THE INDETERMINATE SENTENCING SCHEME AS THAT IT RESENTENCES A DEFENDANT ON THOSE SAME FACTORS THAT DEFENDANT HAS ALREADY BEEN SENTENCED ON AS THAT IT VIOLATES THE DOUBLE JEOPARDY PROVISIONS OF THE INDETERMINATE SCHEME WHERE THE COURT USED INFORMATION TO SENTENCE DEFENDANT ON THAT WAS NOT

PROVEN TO A JURY BEYOND A REASONABLE DOUBT AND WHERE, AT THE FORCE PLEA PROCEEDINGS, THIS DEFENDANT IS CLEARLY ON RECORD AS SAYING THAT I AM INNOCENT OF THOSE PLEA CONVICTIONS AND CRIMES AND ALSO WHERE I STATED AT SENTENCING THAT I AM ONLY PLEADING FOR THE PURPOSE OF SENTENCE AND NOT CONVICTION AND NOT BECAUSE I WAS GUILTY, THIS IS THE WHOLE PURPOSE OF THE NO CONTEST PLEA THAT WAS DONE BY THIS DEFENDANT. THIS IS A CONSTITUTIONAL ISSUE THAT I WAS FORCED TO ENTER A PLEA AND THAT AS I WAS ENTERING THE PLEA, I CLEARLY SAID THAT I AM ENTERING THIS PLEA, NOT BECAUSE I WAS GUILTY, BUT BECAUSE I WANTED TO GET OUT OF THE COUNTY JAIL AND NOT BE SET UP IN A COURT WHERE I CAN NOT POSSIBLY WIN. THIS WAS ALL SAID IN COURT AND IS TRANSCRIBED ON THE RECORD, THIS COURT HAS SENTENCED AN INNOCENT MAN FORCED INTO A PLEA BY THE HORRIBLE LIVING CONDITIONS THAT TOOK PLACE IN THE WAYNE COUNTY JAIL AND SHOULD BE REVIEWED BECAUSE OF CONSTITUTIONAL ISSUE IN ACCORDANCE WITH PEOPLE V. HILL, 257 MA 126, 131; 667 NW2D 78(2003), AND IT WAS OBJECTED TO AND THE ERROR IS CLEAR AS REQUIRED BY BLAKELY V. WASHINGTON, 542 US 296, 124 SCT 2531; 159 LED2D403(2004). I WAS NOT SENTENCED ON A VALID PLEA OR VALID FACTS AND WITH NO FACTUAL BASIS, THE TRIAL COURT CLEARLY HEARD ME OBJECT TO THE ENTIRE PLEA PROCESS AND THE ENTIRE SENTENCING PROCESS.
AND YET, IT STILL UPHELD THE SENTENCE AND CONVICTION THAT TOOK PLACE IN THE COURT RESULTING IN THIS DEFENDANT BEING PLACED IN THE CUSTODY OF THE MICHIGAN DEPARTMENT OF CORRECTIONS FOR 22½ YEARS TO 75 YEARS, CONTRARY TO MY CONSTITUTIONALLY PROTECTED RIGHTS.

ISSUE XIV:

THE [illegible] COUNTY COURT SHOULD VACATE THE CONVICTION AND SENTENCE AND ENTIRE CRIMINAL CASE BASED ON THE MICHIGAN COURT OF APPEALS ENTERING AN ORDER OF DENIAL OF APPLICATION FOR LEAVE TO APPEAL FOR LACK OF MERITS IN THE GROUNDS PRESENTED WITHOUT EVEN CONSIDERING THE DEFENDANTS, RIGHTFUL REQUEST TO FILE AN IN PRO PER SUPPLEMENTAL BRIEF UNDER STANDARD 4 RULES WHERE APPEAL COUNSEL FILED HIS APPLICATION FOR LEAVE TO APPEAL CONTAINING 2 ISSUES, JAIL CREDIT AND COURT COSTS. THIS LED DEFENDANT TO EXERCISE THE IN PRO PER SUPPLEMENTAL BRIEF FILING WITHIN 84 DAYS. HOWEVER, PRIOR TO THE 84 DAY TIME LIMIT, DEFENDANT FILED A MOTION FOR EXTENSION OF THE 84 DAY DEADLINE FILING BASED UPON GOOD CAUSE BEING SHOWN, THE GOOD CAUSE WAS THAT THE WAYNE COUNTY CIRCUIT COURT JUDGE DANIEL RYAN NEVER PROVIDED DEFENDANT OR DEFENSE COUNSEL LAWRENCE BUNTING WITH CRITICAL TRANSCRIPTS FROM AUGUST 12, 2008 AND AUGUST 22, 2008 MOTION HEARING IN WHICH JUDGE DANIEL RYAN PRESIDED OVER AND RULED UPON MOTIONS FILED BY DEFENDANT AND DEFENSE COUNSEL, THESE MOTIONS WERE FILED BY DEFENDANT WHO WAS REPRESENTING HIMSELF AT THE TIME, AND DESPITE BEING REQUESTED BY COURT APPOINTED APPEAL COUNSEL 4 TIMES AND INDIGENT DEFENDANT 5 TIMES UNDER MCR 6.433 C AND SENT AND RECEIVED AND DOCKETED BY COURT COUNSEL, THESE TRANSCRIPTS WERE NEVER PRESENTED, MAKING IT IMPOSSIBLE FOR DEFENDANT DERRICK LEE SMITH TO FILE HIS TIMELY SUPPLEMENTAL IN PRO PER BRIEF ON ISSUES THAT THE COURT APPOINTED COUNSEL FAILED TO RAISE JUSTIFYING THE GOOD CAUSE SHOWING FOR AN EXTENSION OF TIME MOTION BEING FILED BY DEFENDANT AND BEING ISSUED BY THE COURT OF APPEALS.

HOWEVER, THIS DID NOT HAPPEN, INSTEAD, [illegible] J. WATSON, DISTRICT CLERK OF THE COURT OF APPEALS LANSING OFFICE DID NOT FILE THE DEFENDANT

MOTION FOR EXTENSION OF TIME TO EXTEND THE 84 DAY DEADLINE TO FILE SUPPLEMENTAL BRIEF IN PRO PER, IT SENT THE DEFENDANTS MOTION TO COUNSEL LAWRENCE [illegible], STATING THAT IT MUST COME FROM HIS OFFICE AND NOT DEFENDANT. WHILE DEFENSE COUNSEL WAS FILING SAID MOTION FOR EXTENSION OF TIME, THE COURT OF APPEALS PANEL ISSUED ITS ORDER OF DENIAL OF DEFENDANTS APPLICATION FOR LEAVE TO APPEAL ON ONLY THE ISSUES THAT WERE RAISED AND WERE RAISED BY APPEAL COUNSEL DEALING WITH JAIL CREDIT AND COURT COSTS, WHEN IN FACT, THIS IS A CAPITAL CRIME AND THERE WERE OTHER MULTIPLE CONSTITUTIONAL ERRORS THAT SHOULD HAVE BEEN RAISED AND WOULD HAVE BEEN RAISED BY DEFENDANT BUT WAS NOT ABLE TO BE RAISED DUE TO TRIAL COUNSEL NOT PROVIDING DEFENDANT WITH THE TRANSCRIPTS FROM [illegible] HEARING AND IN DOING SO DID ISSUE AN ORDER OF DENIAL OF APPLICATION FOR LEAVE TO APPEAL WHEN IT WAS CLEAR ON THE RECORD THAT DEFENDANT WANTED TO FILE HIS IN PRO PER BRIEF ON APPEAL AND DID FILE THE APPROPRIATE MOTION WITH THE APPROPRIATE GOOD CAUSE JUSTIFICATION TO ISSUE SAID EXTENSION OF TIME IN A CASE WHERE AN INNOCENT MAN IS INCARCERATED. AS SUCH, THIS COURT SHOULD VACATE THE CONVICTION AND SENTENCE ON ALL COUNTS/CHARGES, OR IN THE LATTER, CONSIDER AN REMAND OF THE COURTS ORDER OF DENIAL OF APPLICATION FOR LEAVE TO APPEAL AND ISSUE A DEADLINE TO REFILE THE DEFENDANTS IN PRO PER SUPPLEMENTAL BRIEF ON APPEAL TO THE COURT OF APPEALS AND ORDER THE WAYNE COUNTY CIRCUIT COURT TO PROVIDE DEFENDANT WITH THE TRANSCRIPTS FROM SAID CRITICAL HEARING IN ORDER TO DO SO, AND ALSO TO RULE UPON ANY OTHER GROUNDS THIS COURT DEEMS NECESSARY AND APPROPRIATE AND GRANT THIS WRIT OF HABEAS CORPUS.

THIS COURT HAS THE FULL AUTHORITY TO CONSIDER ANY COMPLAINT/PETITION FOR WRIT OF HABEAS CORPUS UNDER MICHIGAN COURT RULE 3.303... ALTHOUGH THIS STATUTE PROHIBITS THE USE OF A WRIT OF HABEAS CORPUS COMPLAINT AS A COLLATERAL ATTACK ON AN UNDERLYING CRIMINAL CONVICTION, MCL 600.4310.

PLAINTIFFS DERRICK LEE SMITH STATES THAT THIS IS IN NO WAY PLAINTIFF ATTEMPTING TO USE OR SUBMITTING THIS PETITION FOR WRIT OF HABEAS CORPUS TO CHALLENGE THE VALIDITY OF THE COURT CONVICTION OF THE WAYNE COUNTY CIRCUIT COURT.

SHOULD THE COURT REVIEW ALL THE MATERIAL RECORDS AND SUBMITTED BY PLAINTIFF, THE COURT WILL SEE THAT IT IS THE PLAINTIFFS CONTENTION THAT PLAINTIFF IS IN NO WAY USING THE WRIT OF HABEAS CORPUS FOR APPELLATE REVIEW OF UNDERLYING CRIMINAL CONVICTIONS RESULTING IN PLAINTIFFS INCARCERATION. PLAINTIFF IS NOT SEEKING TO HAVE THE COURT REVIEW THIS CASE AS A CASE ATTACKING A JUDGEMENT OF CONVICTION OR SENTENCE AND STATES THAT IT IS NOT ATTACKING A JUDGEMENT OF SENTENCE, NOR IS IT A COLLATERAL ATTACK ON THE REASONS FOR PLAINTIFF BEING CONVICTED IN WAYNE COUNTY AND IS NOT PRESENTING THIS PETITION FOR WRIT OF HABEAS CORPUS AS A MEANS TO SEEK TO USE THIS COURT AS AS SUBSTITUTE COURT WITH APPELLATE JURISDICTION, BECAUSE THIS COURT DOES NOT HAVE APPELLATE JURISDICTION TO REVIEW AN ATTACK ON AN UNDERLYING CONVICTION AND THEREFORE THIS SHOULD NOT BE VIEWED AS SUCH. IT SHOULD HOWEVER BE VIEWED AS THE COURT HAVING IT'S JURISDICTION AS ATTAINED BY MICHIGAN COURT RULE 3.303 AND MCL 600.4310 OF INCARCERATED PERSON WHO IS SERVING OF A SENTENCE THAT IS NULL AND VOID AND WITHOUT ANY

JURISDICTION TO ISSUE THE JUDICIAL ORDER FOR WHICH PLAINTIFF IS BEING HOUSED IN THE JURISDICTION OF THIS COURT.

THE COURT HAS FULL AUTHORITY TO ORDER PLAINTIFF TO BE RELEASED IF IT FINDS THAT PLAINTIFF IS INCARCERATED ILLEGALLY AND WITHOUT ANY VALID ORDER OF AUTHORITY, PLAINTIFF STATES THAT HE IS DETAINED IN VIOLATION OF THE LAWS OF THE UNITED STATES WHERE THE GROUNDS PRESENTED WITHIN THIS ACTION ARE THE VERY GROUNDS FOR WHICH PLAINTIFF IS BEING HOUSED CONTRARY TO LAW AND IN VIOLATION OF PLAINTIFFS RIGHTS, WITHOUT AUTHORITY OF THE JUDICIAL OFFICER IMPOSING SAID ORDER TO ILLEGALLY HOUSE PLAINTIFF.

PLAINTIFF REQUESTS THAT THIS COURT ISSUE AN ORDER BASED ON THE GROUNDS PRESENTED TO SHOW THAT THE ORDER DIRECTING PLAINTIFF TO BE HELD IN THE JURISDICTION OF THIS HONORABLE COURT.

THE COURT SHOULD FULLY REVIEW THE GROUNDS PRESENTED AS GROUNDS FOR ISSUING A WRIT OF HABEAS CORPUS, NOT OF THE GROUNDS THAT PLAINTIFF IS ATTACKING HIS UNDERLYING CRIMINAL CONVICTIONS, PLAINTIFF IS BRINGING THIS ACTION TO THE COURT BASED UPON THE COURT HAVING IN IT'S JURISDICTION, A PRISONER HELD ILLEGALLY AND THE GROUNDS SUPPORTING THAT ILLEGAL DETENTION AND UNLAWFUL JUDICIAL ORDER OF JUDGE DANIEL P. RYAN OF THE THIRD JUDICIAL CIRCUIT COURT FOR WAYNE COUNTY, AND BECAUSE THIS COURT IS THE COUNTY IN WHICH THE PLAINTIFF IS HELD ILLEGALLY AND WITHOUT ANY VALID ORDER OR DECISION OR JUDICIALLY SOUND LAWFULLY VALID ORDER OF JUDGMENT DENYING PLAINTIFF HIS LIBERTIES AND HIS RIGHTS AS REQUIRED BY THE 5TH, 14TH, AND 8TH AMENDMENT TO THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA.

PLAINTIFF STATES THAT THIS IS A DIRECT ATTACK ON PLAINTIFF BEING HELD ILLEGALLY AND IS NOT AN ATTACK ON THE CONVICTIONS FOR AN APPEAL. HOWEVER, THE CONSTITUTIONAL ARGUMENTS PRESENTED BY PLAINTIFF SHOULD BE VIEWED AS A DIRECT CHALLENGE TO THE VALIDITY OF THE DETENTION HOLDING PLAINTIFF BASED ON THE GROUNDS CONTAINED WITHIN.

AS SUCH, PLAINTIFF ASKS THAT THIS COURT ENTER AN ORDER TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS AND THE RELIEF BEING REQUESTED WITHIN IT.

AND GRANT ANY FURTHER RELIEF THIS COURT DEEMS NECESSARY AND APPROPRIATE.

WHEREFORE, GRANT WRIT OF HABEAS CORPUS AND GRANT RELEASE OF PLAINTIFF FROM THE CUSTODY OF THE MICHIGAN DEPARTMENT OF CORRECTIONS.

RESPECTFULLY REQUESTED,

[illegible] DERRICK LEE SMITH
[illegible]
PRO SE PLAINTIFF
ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880

# CIVIL COVER SHEET FOR PRISONER CASES

**Case No.** 10-11052 **Judge:** John Corbett O'Meara **Magistrate Judge:** Paul J. Komives

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>Derrick Smith | **Name of 1st Listed Defendant/Respondent:**<br>Nick Ludwick |
| **Inmate Number:** 267009<br><br>**Plaintiff/Petitioner's Attorney and Address Information:**<br><br>**Correctional Facility:**<br>St. Louis Correctional Facility<br>8585 N. Croswell Road<br>St. Louis, MI 48880<br>GRATIOT COUNTY | **Additional Information:** |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes ☐ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes ☐ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______