UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, #267009,

        Petitioner,

v.                                           CASE NO. 5:10-11052
                                               HON. JOHN CORBETT O'MEARA
NICK LUDWICK,                          MAGISTRATE JUDGE KOMIVES

        Respondent.
_____/

## ORDER VACATING THE ORDER FOR RESPONSIVE PLEADING
## AND GRANTING PETITIONER'S MOTIONS FOR A STAY

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Derrick Lee Smith filed his habeas petition on March 16, 2010. The Court then ordered Respondent to file a responsive pleading. Three months later on June 16, 2010, Petitioner filed a motion to hold these proceedings in abeyance pending further exhaustion of state remedies, and on August 26, 2010, Petitioner filed a motion to grant his motion for a stay.

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). It appears that Petitioner may not have exhausted state remedies for all his pending claims, and a dismissal of this action pending exhaustion of state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

District courts possess authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276

(2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Furthermore, Petitioner's claims are not plainly meritless, and he does not appear to be engaged in abusive litigation tactics. *See Rhines v. Weber*, 544 U.S. at 277-78.

Accordingly, Petitioner's motions for a stay [Dkt. #4 and Dkt. #6] are **GRANTED**, and the order for a responsive pleading [Dkt. #2] is **VACATED**. This stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order if he has not already done so. If Petitioner is unsuccessful in state court, he may file an amended federal habeas corpus petition, using the same case number, within **sixty (60) days** of exhausting state remedies.

The Clerk of the Court is **ORDERED** to close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

s/John Corbett O'Meara
United States District Judge

Date: August 31, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 31, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager