UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

          Petitioner,

                                 CASE NO. 5:10-CV-11052

   v.                            JUDGE JOHN CORBETT O'MEARA

                                 MAGISTRATE JUDGE PAUL KOMIVES

NICK LUDWICK,

          Respondent.

_____/

**REPORT AND RECOMMENDATION ON (1) RESPONDENT'S MOTION TO DISMISS
(docket #24); (2) PETITIONER'S MOTION TO HOLD HABEAS PETITION IN
ABEYANCE (docket #30); and (3) PETITIONER'S MOTION FOR BOND (docket #32)**

I.    <u>RECOMMENDATION</u>: The Court should grant petitioner's motion for a stay and denied

respondent's motion to dismiss.  The Court should also deny petitioner's motion for bond.

II.    <u>REPORT</u>:

A.    *Procedural Background*

        Petitioner Derrick Smith, a state prisoner, filed a *pro se* application for the writ of habeas corpus

on March 16, 2010, challenging his 2008 plea-based convictions for multiple counts of first degree

criminal sexual conduct and kidnapping.  At the time he filed his habeas application, petitioner's direct

appeal proceedings had not concluded in state court.  Accordingly, the Court entered an Order holding

the case in abeyance on August 31, 2010.  Petitioner filed an amended petition on April 30, 2012, and

the Court entered an Order reopening the case on July 19, 2012.  On January 15, 2013, respondent filed

a motion to dismiss, arguing that none of the 14 claims raised in the amended petition have been

presented to the state courts, and they are therefore unexhausted.  Respondent therefore seeks dismissal

of the claims without prejudice pursuant to 28 U.S.C. § 2254(b)(1).  In addition to filing a response to

this motion, on February 25, 2013, petitioner filed his own motion to hold the case in abeyance so that

he can return to state court and exhaust these claims.  In a separate motion filed on the same date, petitioner seeks to be released on bond.

B.    *Exhaustion and Abeyance*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court.  Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure.  "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.  Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277.  Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*.  Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless.  *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Petitioner asserts, and respondent does not dispute, that he attempted to raise these claims by filing his

own *pro se* supplemental brief on appeal as permitted under Michigan law.  His attempted filing was rejected because it needed to be filed through counsel.  Petitioner further asserts that he provided a copy of the *pro se* brief to counsel, but counsel failed to file the brief in a timely manner.  Further, there was no dilatory conduct.  Petitioner did not, for example, wait until the limitations period was almost expired and then file his habeas petition, only then seeking to return to state court.  Rather, he initially filed his petition prior to the conclusion of the direct review proceedings.  As to good cause, unfortunately "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning."  *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted).  Nevertheless some courts, including the Supreme Court, have suggested that a prisoner's good faith misunderstanding of the law constitutes good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (including in definition of "good cause" a petitioner's "own ignorance or confusion about the law.").  *See generally*, *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (*Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default.") (on remand from Court's decision in *Rhines*).  Here, as in *Pace*, there is no evidence that petitioner's failure to exhaust his additional claims stemmed from anything other than "reasonable confusion" arising from the intricacies of habeas jurisprudence's procedural rules and the uncertainty surrounding many of those rules arising from the enactment of the AEDPA.  Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001).

Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his claims. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Respondent does not assert that petitioner engaged in any dilatory or abusive litigation practices, or that he does not have good cause for failing to exhaust his claims prior to filing his federal habeas petition. Rather, respondent's only argument against a stay is that the petition is not a mixed petition as in *Rhines*, but rather contains only unexhausted claims. Nevertheless, *Rhines* adopts a flexible test which is applicable here. As the Court explained, the purpose of the stay-and-abeyance procedure is to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from "unreasonably impair[ing] the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *see also*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Precluding the stay-and-abeyance procedure here would unreasonably impair petitioner's right to fully adjudicate his claims no less than if his petition were a true mixed petition. *See Heleva v. Brooks*, 581 F.3d 187, 190-91 (3d Cir. 2009); *cf. Pace*, 544 U.S. at 416 (noting that under *Rhines*, a petitioner concerned that the limitations period might lapse before he exhausts his state court remedies could file a protection habeas petition and immediately seek a stay).

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his claims. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained that "[w]hen a

4

district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process. If, upon returning to this Court, petitioner seeks to include any new issues developed in the state courts that are not set forth in his habeas application, he should file a motion to amend the petition along with his motion to lift the stay.

C.      *Motion for Bond*

        "It is recognized that a federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus." *Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) (citing cases). *But cf. In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001) (recognizing split in authority as to whether habeas court may order release on bond pending the district court's resolution of the petition). However, because a habeas petition challenges a valid, final state court judgment, principles of federalism and comity require a federal habeas court to tread lightly before interfering with a state's execution of a valid sentence by ordering release on bond. *See Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988); *cf. Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985) ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have

5

been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted."). Thus, a district court's power to order release pending disposition of an application for habeas relief is "limited" and properly exercised in "special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

In order to be entitled to release pending disposition, a habeas petitioner must make two showings. First, he must show that his petition raises substantial constitutional questions on which he is likely to prevail. Second, he must show that "extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy." *Johnson*, 877 F. Supp. at 570; *accord Mapp*, 241 F.3d at 226; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).[1]

Here, regardless of whether petitioner has a substantial probability of success on the merits of his claims, he has failed to demonstrate any special circumstances justifying the extraordinary relief of release on bond. It is not enough for petitioner to show that he has potentially meritorious claims, or that he has a place to live and work and will not pose a risk to the community. In order to make this showing, petitioner must demonstrate that his case is "distinguishable from other habeas cases." *Rado*, 699 F. Supp. at 26. The situations in which extraordinary circumstances will be found "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Petitioner's claim of constitutional error in

---

[1]A separate set of standards applies when bond is sought after the district court has adjudicated the petition, either granting or denying relief on the merits. *See Hilton v. Braunskill*, 481 U.S. 770 (1987); FED. R. APP. P. 23(b), (c). These separate standards are inapplicable where, as here, a petitioner seeks bond prior to the district court's adjudication of the petition. *See United States v. Stewart*, 127 F. Supp. 2d 670, 672 (E.D. Pa. 2001).

his trial does not present an extraordinary circumstance, as "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin*, 801 F.2d at 330. Nor does petitioner's claim that he is actually innocent amount to an extraordinary circumstance; a habeas petitioner "comes before the court with a strong–and in the vast majority of cases conclusive–presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n.42 (1995). In short, petitioner has "made no showing of a medical emergency or any other special circumstance" justifying release on bond. *Martin*, 801 F.2d at 330. Thus, he is not entitled to be released on bond pending the Court's disposition of his application for the writ of habeas corpus. *See Roe*, 257 F.3d at 1080-81 (petitioner not entitled to release on bond despite failing health, the seriousness of the allegations in the petition, petitioner having a place to reside, and codefendant's statement that petitioner was not involved in the crime); *Landano*, 970 F.2d at 1240-41 (petitioner not entitled to release on bond despite making strong showing of actual innocence, lack of state court provisions for bond during post-conviction proceedings, and no risk of flight).

D.      *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion to stay and deny respondent's motion to dismiss, and should enter an Order holding the petition in abeyance. The Court should also deny petitioner's motion for release on bond.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might

7

have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  March 14, 2013          S/Paul J. Komives
                                Paul J. Komives
                                United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2013, by electronic and/or ordinary mail.

                                S/Shawntel R. Jackson
                                Case Manager

8