UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

                                    CASE NO. 5:10-CV-11052

v.                            JUDGE JOHN CORBETT O'MEARA
                                    MAGISTRATE JUDGE PAUL KOMIVES

NICK LUDWICK,

        Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTIONS TO LIFT STAY
AND FOR DISCOVERY (docket #45-49, 51-52, 54)**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's motions to lift stay and for

discovery.

II.    <u>REPORT</u>:

A.    *Background*

        Petitioner Derrick Smith, a state prisoner, filed a *pro se* application for the writ of habeas

corpus on March 16, 2010, challenging his 2008 plea-based convictions for multiple counts of first

degree criminal sexual conduct and kidnapping.  At the time he filed his habeas application,

petitioner's direct appeal proceedings had not concluded in state court.  Accordingly, the Court

entered an Order holding the case in abeyance on August 31, 2010.  Petitioner filed an amended

petition on April 30, 2012, and the Court entered an Order reopening the case on July 19, 2012.  On

January 15, 2013, respondent filed a motion to dismiss, arguing that none of the 14 claims raised in

the amended petition had been presented to the state courts, and they are therefore unexhausted.

Respondent therefore sought dismissal of the claims without prejudice pursuant to 28 U.S.C. §

2254(b)(1).  In addition to filing a response to this motion, on February 25, 2013, petitioner filed his

own motion to hold the case in abeyance so that he could return to state court and exhaust these claims. On March 14, 2013, I filed a Report recommending that the Court grant petitioner's motion to hold the case in abeyance, deny respondent's motion to dismiss, and stay the case pending petitioner's exhaustion of his claims in state court. The Court entered an Order adopting my Report on August 20, 2013. That Order entered a stay in the case, conditioned upon petitioner filing a motion for relief from judgment in the trial court within 30 days of the Order, and upon petitioner seeking to lift the stay within 30 days of the conclusion of state court review.

Although the case is stayed, petitioner has now filed several motions with the Court, each of which essentially seeks the same relief. Petitioner asks the Court to lift the stay for the limited purpose of conducting discovery in accordance with Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Petitioner also asks for leave to conduct discovery under Rule 6. In his motions, petitioner seeks to have respondent produce numerous documents relating to his state court prosecution, including the entirety of the Rule 5 materials and various pre-trial materials such as the complaint, affidavit accompanying the arrest warrant, and police reports. The Court has referred these motions to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the Court should deny petitioner's motions.

B.    *Analysis*

Although petitioner purports to seek both a lifting of the stay and discovery, his request for a lifting of the stay is limited to lifting the stay for the purpose of obtaining discovery. He does not, at this time, seek a lifting of the stay so that the Court may presently address the merits of his claims. Thus, the only question before the Court is whether petitioner is entitled to discovery at this time

to aid him in presenting his claims to the state courts. If he is not, there is no need to lift the stay. The Court should conclude that petitioner is not entitled to discovery at this time.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). It is well established, however, that "[u]ntil a petitioner has filed a federal habeas petition on an exhausted claim, he cannot avail himself of Rule 6 discovery." *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 120 F.3d 927, 928 (9th Cir. 1997) (internal quotation omitted); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 113 F.3d 149, 149 (9th Cir. 1997) ("In light of the concession by petitioner that his federal habeas petition contains unexhausted claims that must be dismissed or pursued in state court before they may be included in the federal habeas petition, discovery at this time is inappropriate."); *Castellanos v. Kirkpatrick*, No. 10-CV-5075, 2013 WL 3777126, *3 (E.D.N.Y. July 16, 2013). Relatedly, "because federal habeas courts only examine issues first raised and decided in state court, a petitioner may only conduct discovery to the extent he can show the state court fact finding procedures were inadequate." *Moseley v. French*, 6 F. Supp. 2d 474, 478 (M.D.N.C. 1998) (internal quotation omitted).

Here, petitioner has not filed a federal habeas petition containing any exhausted claims. Rather, his petition only contains unexhausted claims, as to which petitioner sought a stay so that he can pursue the claims in state courts.  Nor can petitioner show that the state court fact finding procedures were inadequate, because he has yet to avail himself of those procedures.  In presenting his claims to the state courts through a motion for relief from judgment, petitioner will have the opportunity to seek further factual development through such discovery tools as expansion of the record and an evidentiary hearing.  *See* MICH. CT. R. 6.507; MICH. CT. R. 6.508(C).  Because the Court has entered a stay and petitioner is pursuing state court remedies, and because petitioner may avail himself of the discovery rules available in state court, discovery regarding these claims is premature.  *See Greene v. McDaniel*, No. 2:07-cv-0304, 2009 WL 311168, at *4-*5 (D. Nev. Feb. 6, 2009); *Dew v. Kelly*, No. 4:11 CV 2486, 2013 WL 444620, at *7 (N.D. Ohio Jan. 8, 2013), *magistrate judge's report adopted*, 2013 WL 444613 (N.D. Ohio Feb. 4, 2013); *Brown v. Carey*, No. C 06-0264, 2007 WL 1223837, at *2 (N.D. Cal. Apr. 25, 2007).  In these circumstances, the appropriate course is to deny petitioner's request for discovery without prejudice to renewal "after [p]etitioner has availed himself of the opportunity to pursue his claim[s] in state court, and can demonstrate that the state did not provide him with an adequate opportunity to develop the record." *Castellanos*, 2013 WL 3777126, at *4 (internal quotation omitted).

C.    *Conclusion*

In view of the foregoing, the Court should deny petitioner's pending motions to lift the stay and for discovery (docket #45-49, 51-52, and 54).  This denial should be without prejudice to petitioner renewing his motion for discovery once he has exhausted his state court remedies and established good cause for discovery in accordance with Rule 6, 28 U.S.C. foll. § 2254.

4

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party

might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Date: February 4, 2014                              s/Paul J. Komives_____
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 4, 2014.


                                                    s/ Kay Doaks_____
                                                    Case Manager

5