UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Petitioner,

           CASE NO. 5:10-CV-11052
v.          JUDGE JOHN CORBETT O'MEARA
           MAGISTRATE JUDGE PAUL J. KOMIVES

BONITA HOFFNER,

    Respondent.[1]
_____/

### REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO LIFT STAY (docket #56)

I.    RECOMMENDATION: The Court should grant petitioner's motion to lift the stay. If the Court accepts this recommendation, the Court should order petitioner to file an amended petition within 30 days of the Court's Order, and order respondent to file an amended answer and any additional Rule 5 materials within 60 days of the filing of petitioner's amended petition.

II.    REPORT:

Petitioner Derrick Lee Smith commenced this action on March 16, 2010, by filing a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's habeas application challenges his 2008 plea-based convictions for multiple counts of first degree criminal sexual conduct and kidnapping. At the time he filed his habeas application, petitioner's direct appeal proceedings had not concluded in state court. Accordingly, the Court entered an Order holding the case in abeyance on August 31, 2010. Petitioner filed an amended petition on April 30, 2012, and the Court entered an Order reopening the case on July 19, 2012. On January 15, 2013, respondent filed a motion to dismiss, arguing that none of the 14 claims raised in the amended petition had been presented to the state courts,

---

[1] By Order entered this date, Bonita Hoffner has been substituted in place of Nick Ludwick as the proper respondent in this action.

and they are therefore unexhausted. Respondent therefore sought dismissal of the claims without prejudice pursuant to 28 U.S.C. § 2254(b)(1). In addition to filing a response to this motion, on February 25, 2013, petitioner filed his own motion to hold the case in abeyance so that he could return to state court and exhaust these claims. On March 14, 2013, I filed a Report recommending that the Court grant petitioner's motion to hold the case in abeyance, deny respondent's motion to dismiss, and stay the case pending petitioner's exhaustion of his claims in state court. The Court entered an Order adopting my Report on August 20, 2013. That Order entered a stay in the case, conditioned upon petitioner filing a motion for relief from judgment in the trial court within 30 days of the Order, and upon petitioner seeking to lift the stay within 30 days of the conclusion of state court review.

The matter is currently before the Court on petitioner's motion to lift the stay, filed on March 12, 2014. In his motion, petitioner indicates that he filed a motion for relief from judgment in the trial court that has now been denied, but because he does not have access to any state court records he can no longer effectively file any other proceedings in state court. He therefore seeks a lifting of the stay to allow his case to proceed. Respondent has not filed a response to this motion.

The Court should grant petitioner's motion, for two reasons. First, as noted, respondent has not filed a response to petitioner's motion although his time for doing so has now expired. *See* E.D. Mich. LR 7.1(d). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may be granted on that basis. *See Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995). Second, petitioner is entitled to a lifting of the stay because it appears that he has substantially complied with the conditions of the stay. Petitioner filed his motion for relief from judgment in the state court on December 13,

2012, prior to the Court's grant of the stay. The trial court denied the motion on October 21, 2013.[2] While petitioner's March 12, 2014, motion to lift the stay was not filed within 30 days of the date of this Order, it was filed within the six month period in which he could have filed a delayed application for leave to appeal in the Michigan Court of Appeals, *see* MICH. CT. R. 7.205(G), and during the bulk of the time petitioner was awaiting determination of motions he had filed in this Court seeking a limited lifting of the stay to obtain discovery to use in connection with his state court proceedings. As I have previously explained,

> a district court may dismiss a petition based on a petitioner's failure to comply with the stay order. *See Grove v. Lafler*, No. 5:07-CV-11703, 2012 WL 201293, at *1 (E.D. Mich. June 5, 2012) (O'Meara, J.). A court may also, however, exercise its discretion to overlook a petitioner's failure to comply, such as were the failure was not in bad faith and the state court motion was still filed within a reasonable time. *See Newson-Bey v. McGuiggin*, No. 2:03-CV-70958, 2011 WL 124460, at *3 (E.D. Mich. Jan. 14, 2011) (Tarnow, J.).

*Hamilton v. Burt*, No. 2:08-CV-13960, 2012 WL 6590745, at *4 (Nov. 21, 2012) (Komives, M.J.), *magistrate judge's report and recommendation adopted*, 2012 WL 6590660 (E.D. Mich. Dec. 17, 2012) (Lawson, J.). Here, it appears that petitioner was diligently attempting to pursue his state court claims, and his failure to seek a complete lifting of the stay within 30 days of the trial court's order was not the result of bad faith or inexcusable neglect.

Accordingly, the Court should grant petitioner's motion to lift the stay and reopen this case. The Court should further order petitioner to file an amended petition (or indicate his intent to rely on the amended petition previously filed) within 30 days of the Court's order, and order respondent to file an amended answer and any additional Rule 5 materials, *see* Rule 5, 28 U.S.C. foll. § 2254, within sixty

---

[2]Petitioner has not provided these dates to the Court. They are taken from the Wayne County Circuit Court's publicly available on-line docket, at https://cmspublic.3rdcc.org/ CaseDetail.aspx? Case ID=274503.

days of the Court's order.³

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2014

---

³The Court referred this matter to me for all pretrial proceedings and for a report and recommendation on January 18, 2013, prior to the entry of the stay.  If the Court accepts the foregoing recommendation and reopens the case, I will consider this Order of Reference effective, and will prepare a report and recommendation after respondent files his amended answer, unless the Court directs otherwise.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2014, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager, in the absence of Michael Williams