UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                    CASE NO. 10-11052
                                    HONORABLE JOHN CORBETT O'MEARA

BONITA HOFFNER,

        Respondent.
_____/

**OPINION AND ORDER**

**(1) DENYING PETITIONER'S MOTIONS TO DISMISS
THE CRIMINAL BIND-OVER (ECF NOS. 63 & 67),**

**(2) DENYING PETITIONER'S MOTION FOR A
PRELIMINARY INJUNCTION (ECF NO. 71),**

**(3) DENYING PETITIONER'S MOTION FOR A STAY (ECF NO. 72) AND
HIS MOTION TO GRANT THE MOTION FOR A STAY (ECF NO. 75), BUT**

**(4) GRANTING PETITIONER'S MOTION TO AMEND
THE CASE CAPTION (ECF NO. 77),**

**(5) GRANTING PETITIONER'S MOTION FOR AN
ENLARGEMENT OF TIME (ECF NO. 78), AND**

**(6) GRANTING PETITIONER'S REQUEST FOR A COPY OF
RESPONDENT'S ANSWER TO THE HABEAS PETITION (ECF NO. 79)**

**I. Introduction**

This is a habeas corpus case under 28 U.S.C. § 2254. The habeas petition challenges petitioner Derrick Lee Smith's 2008 plea-based convictions for six counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(c)(sexual penetration during the commission of another felony), and two counts of kidnapping, Mich. Comp. Laws § 750.349. Petitioner was sentenced as a fourth habitual offender

and is serving a sentence of twenty-two and a half to seventy-five years in prison.

Petitioner raises forty-two claims in his *pro se* amended habeas corpus petition. Respondent Bonita Hoffner urges the Court to deny the habeas petition for a variety of reasons, including the doctrine of procedural default, the statute of limitations, and the statute governing second or successive claims.

Currently pending before the Court are Petitioner's motions to dismiss the criminal bind-over, his motion for a preliminary injunction, his motions for a stay and to grant the motion for a stay, his motion to amend the case caption, and his motion for an extension of time. Additionally, Petitioner requests a copy of Respondent's answer to the petition. For the reasons given below, the Court denies Petitioner's motions to dismiss the criminal bind-over, his motion for a preliminary injunction, and his motions for a stay and to grant the motion for a stay. The Court grants the motion to amend the case caption, the motion for an extension of time, and the request for a copy of Respondent's answer to the petition.

## II. Background

Petitioner commenced this action on March 16, 2010, by filing a *pro se* habeas corpus petition. *See* Pet. (ECF No.1) Three months later, Petitioner moved to hold his petition in abeyance pending exhaustion of additional state remedies. *See* Mot. to Hold Appeal in Abeyance (ECF No. 4). On August 31, 2010, the Court granted Petitioner's motion and closed this case for administrative purposes. *See* Order Vacating the Order for Responsive Pleading and Granting Pet'r Mot. for a Stay (ECF No. 7).

Petitioner returned to state court, and on April 30, 2012, he filed an amended habeas corpus petition in this Court. On July 19, 2012, the Court re-opened this case

and directed Respondent to file an answer to the amended petition. *See* Order Re-Opening Case and Directing Resp't to File an Answer to the Amended Pet. (ECF No. 21).

On January 15, 2013, Respondent moved to dismiss the habeas petition on the basis that Petitioner had not exhausted state remedies for his claims. *See* Resp't Mot. for Order Dismissing Pet'r Appl. for Writ of Habeas Corpus (ECF No. 24). Petitioner then requested a stay on the basis that his post-judgment motion was pending in the state trial court. *See* Pet'r Mot. for a Stay (ECF No. 30).

The Magistrate Judge recommended that the Court deny Respondent's motion to dismiss the habeas petition and grant Petitioner's motion for a stay. *See* Report and Recommendation (ECF No. 36). The Court adopted the Magistrate Judge's Report and Recommendation, denied Respondent's motion, and held this case in abeyance. *See* Order Adopting Report and Recommendation (ECF No. 43).

Petitioner subsequently filed several motions to lift the stay. (ECF Nos. 45-49 and 51-52). The Magistrate Judge recommended that the Court deny Petitioner's motions because they sought discovery and because Petitioner had not yet availed himself of fact-finding procedures in the state court. *See* Report and Recommendation on Pet'r Motions to Lift Stay (ECF No. 55). The Court adopted the Magistrate Judge's Report and Recommendation and denied without prejudice Petitioner's motions to lift the stay and for discovery. *See* Order Adopting Report and Recommendation (ECF No. 58).

Meanwhile, Petitioner filed another motion to lift the stay. He explained in his motion that the state trial court had denied his motion for relief from judgment and that

3

the other state courts had entered their decisions. He claimed that there was nothing left for him to do in state court and that he wanted the Court to proceed with the issues that he previously presented to the Court. *See* Pet'r Mot. for Order Lifting Stay and Permission to Proceed on Habeas Corpus Proceedings (ECF No. 56).

The Magistrate Judge recommended that the Court grant Petitioner's motion to lift the stay. *See* Report and Recommendation on Pet'r Motion to Lift Stay (ECF No. 61). The Court adopted the Magistrate Judge's report and recommendation and re-opened this case. In the same order, the Court directed Petitioner to file an amended petition or to indicate his intent to rely on his previous petition. *See* Order Adopting Report and Recommendation and Reopening Case (ECF No. 65).

Petitioner subsequently filed an amended habeas corpus petition, and Respondent filed an answer to the amended petition. As noted above, this matter is currently pending before the Court on several of Petitioner's motions.

### III. Analysis

#### A. The Motions to Dismiss the Criminal Bind-Over, Conviction, and Sentence (ECF Nos. 63 & 67)

In his motions to dismiss, Petitioner alleges that the state circuit court lacked either personal or subject-matter jurisdiction because the state district court failed to comply with Michigan Court Rule 6.110(C) at the preliminary examination. Rule 6.110(C) states that "[e]ach party may subpoena witnesses, offer proofs, and examine and cross-examine witnesses at the preliminary examination."

Petitioner contends that the state district court failed to instruct him that he could offer a witness to counter the prosecution's witness. Petitioner further alleges that his

attorney was ineffective because the attorney failed to: call a defense witness; file a motion to dismiss the criminal charges; file a motion to quash the bind-over; file an application for leave to appeal the bind-over; call Stephen Smith to counter a prosecution witness's testimony; and effectively conduct his duties.

The alleged violation of Michigan Court Rule 6.110(C) is not a basis for habeas relief because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). And even though Petitioner also contends that the state district court's handling of the preliminary examination violated his rights under the Federal Constitution, a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Furthermore, Petitioner pleaded no contest to the charged crimes. His plea "represent[ed] a break in the chain of events which . . . preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Consequently, "he may not . . . raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the . . . plea." *Id*. The Court therefore denies Petitioner's motions to dismiss the criminal bind-over, conviction, and sentence. (ECF Nos. 63 and 67).

### B. Petitioner's Motion for a Preliminary Injunction (ECF No. 71)

Petitioner alleges in his motion for a preliminary injunction that a state correctional employee (1) falsely charged him with using the telephone while on

sanctions and (2) restricted his phone privileges in retaliation for Petitioner's lawsuits in federal court. As a result, Petitioner contends that he is being deprived of his constitutional right to contact family, friends, and staff at the State Appellate Defender Office (SADO). He seeks a preliminary injunction to lift the phone restrictions.

Petitioner's motion is a challenge to his living conditions and a disciplinary measure taken as a result of an alleged violation of prison rules. The loss of telephone privileges "cannot be challenged in a petition for writ of habeas corpus." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007). Petitioner's claim would be more appropriate in a complaint under 42 U.S.C. § 1983, which is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The Court therefore denies Petitioner's motion for a preliminary injunction (ECF No. 71).

### C. Petitioner's Motion for a Stay (ECF No. 72) and Motion to Grant the Motion for a Stay (ECF No. 75)

Petitioner alleges in his motion for a stay that SADO has asked him to complete questionnaires regarding DNA testing of rape kits. Petitioner contends that the DNA test will prove his innocence and that he did not rape anyone. He wants a stay pending the outcome of the results of the DNA testing.

Attached to Petitioner's motion for a stay is the first page of a letter that SADO sent to Petitioner. The letter explains that SADO received a federal grant to investigate the backlog of untested rape kits that were discovered in a police warehouse in 2009. Although the letter asks Petitioner to complete three questionnaires regarding his

criminal-sexual-conduct cases, the letter indicates that SADO is not promising to represent all individuals convicted of criminal sexual conduct and claiming to be innocent.

Petitioner merely speculates that the rape kits in his cases will be tested and will prove his innocence. Furthermore, a freestanding claim of actual innocence is not itself a constitutional claim for which habeas corpus relief may be granted. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). The Court therefore finds it unnecessary to stay this case. Petitioner's motion for a stay (ECF No. 72) and his motion to grant the motion for a stay (ECF No. 75) are denied.

### D. Petitioner's Motion to Amend the Caption (ECF No. 77)

Petitioner alleges that he has been transferred to Alger Correctional Facility in Munising, Michigan where Catherine S. Bauman is the warden. He would like the Court to amend the caption to substitute Ms. Bauman for Bonita Hoffner as respondent.

The proper respondent in a habeas corpus action is the person who holds the petitioner in custody. *See* 28 U.S.C. §§ 2242 ¶ 2 and 2243 ¶ 2; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. And because Ms. Bauman now holds Petitioner in custody, the Court grants Petitioner's motion to amend the case caption (ECF No. 77). The Clerk of the Court shall substitute Catherine S. Bauman for Bonita Hoffner as respondent in this case, and the new caption shall read *"Derrick Lee Smith v. Catherine S. Bauman."*

### E. Petitioner's Motion for an Enlargement of Time (ECF No. 78) and Request for a Copy of Respondent's Answer (ECF No. 79)

Petitioner alleges that, during his move to Alger Correctional Facility on February

9, 2015, state officials lost or misplaced Respondent's answer to the habeas petition. Petitioner claims that he cannot file a proper reply to the answer without a copy of the 142-page answer and that he needs additional time to submit his reply. Although Petitioner did file a short reply to Respondent's answer on March 9, 2015 (ECF No. 81), he indicates in the reply that he plans to file a supporting brief.

In light of Petitioner's *pro se* status and the fact that he apparently was not at fault for misplacing or losing Respondent's answer, Petitioner's motion for an enlargement of time (ECF No. 78) and his request for a copy of Respondent's answer (ECF No. 79) are granted. To expedite review of this case, the Court will mail a copy of Respondent's answer to Petitioner along with a copy of this order. Petitioner shall have sixty (60) days from the date of this order to file his supporting brief.

### III. Conclusion

For the reasons given above, the Court denies the following motions: Petitioner's motions to dismiss the criminal bind-over, conviction, and sentence (ECF Nos. 63 and 67); Petitioner's motion for a preliminary injunction (ECF No. 71); Petitioner's motion for a stay (ECF No. 72); and Petitioner's motion to grant the motion for a stay (ECF No. 75).

The Court grants the following additional motions and request: Petitioner's motion to amend the case caption (ECF No. 77); Petitioner's motion for an enlargement of time (ECF No. 78); and Petitioner's request for a copy of Respondent's answer to the habeas petition (ECF No. 79).

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: March 25, 2015

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 25, 2015, using the ECF system and/or ordinary mail.

                                      <u>s/William Barkholz</u>
                                      Case Manager