UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                     CASE NO. 5:10-cv-11052
                                      HONORABLE JOHN CORBETT O'MEARA

CATHERINE S. BAUMAN,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [124]
AND THE MOTION TO GRANT THE MOTION FOR RECONSIDERATION [135],
GRANTING LEAVE TO FILE A SWORN AFFIDAVIT [125],
DENYING THE MOTION TO ADD KATHY BEADLE TO THE LIST
OF WITNESSES TO CALL AT AN EVIDENTIARY HEARING [129]
GRANTING THE MOTION REGARDING THE COST FOR COPIES [132],
AND DENYING THE MOTION FOR RELEASE ON BOND [134]</u>**

**I. Introduction**

This is a habeas corpus case under 28 U.S.C. § 2254. The amended habeas corpus petition challenged Petitioner's plea-based convictions for two counts of kidnapping, Mich. Comp. Laws § 750.349, and six counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(c). On March 9, 2016, the Court denied the amended petition on grounds that Petitioner's claims lacked merit, were waived by his no-contest plea, or were not proper grounds for habeas relief.

On March 17, 2016, Petitioner moved for reconsideration and for permission to file a sworn affidavit, and on April 18, 2016, Petitioner filed a notice of appeal. Petitioner subsequently filed several more motions, which the Court will now address, along with the motion for reconsideration and the motion for permission to file a sworn affidavit.

## II. Petitioner's Motions

### A. The Motion for Reconsideration and the Motion to Grant the Motion for Reconsideration

Petitioner has asked the Court to reconsider its opinion and order denying his petition for the writ of habeas corpus. Petitioner alleges that the Court erred when it: stated that Petitioner entered his plea pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W.2d 208 (1993); failed to determine whether his claims were procedurally defaulted or barred by the statute of limitations; failed to grant his requests for a stay; failed to rule on whether the state district court neglected to explain the reason for the competency report; failed to fully consider Petitioner's statement that the Wayne County Sheriff's Department threatened to beat Petitioner if he did not plead no contest; failed to read all Petitioner's comments about his plea, as set forth in the pre-sentence investigation report; concluded that appellate counsel was given the transcripts; stated that Petitioner had no remaining state remedies to exhaust; and stated that Petitioner and his appellate attorney never tried to raise certain issues.

This District's Local Rules provide that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Petitioner claims that the Court erred by denying his requests for a stay, but the Court did grant two of Petitioner's requests for a stay. *See* ECF Nos. 7 and 43.

2

Although it denied Petitioner's subsequent requests for a stay, a District Court has discretion when deciding whether to grant a stay. *Rhines v. Weber,* 544 U.S. 269, 276 (2005); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court also has discretion to deny a habeas petition without analyzing whether a claim is procedurally defaulted or barred by the statute of limitations because neither a procedural default, nor the statute of limitations, are jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997)(procedural default not a jurisdictional matter); *Holland v. Florida*, 560 U.S. 631 645 (2010)(statute of limitations not jurisdictional). Thus, the denial of the motions for a stay and the failure to consider whether Petitioner's claims were procedurally defaulted or time-barred are not valid grounds for reconsidering Petitioner's habeas claims.

As for Petitioner's other allegations of error, the Court does not believe it made a palpable defect in its dispositive opinion. Even if it did, correcting the alleged defects would not result in a different disposition of the case. Therefore, Petitioner's motion for reconsideration (ECF No. 124) and motion to grant the motion for reconsideration (ECF No. 135) are denied.

## B. The Motion for Leave to File an Affidavit

Petitioner has asked for leave to file his own affidavit. In his affidavit, Petitioner states that his no-contest plea was involuntary because Wayne County deputy sheriffs told him that he would be beaten to death upon his return to jail if he did not plead no contest or if he told the trial judge that he was threatened.

The motion to file the affidavit (ECF No. 125) is granted, and the affidavit itself (ECF No. 126) has been filed. The Court declines to reconsider its dispositive opinion

on the basis of the affidavit, because Petitioner specifically stated at the plea proceeding that no one was forcing him to plead no contest and that he was pleading no contest freely and voluntarily. (10/14/08 Plea Tr. at 11.) Furthermore, at his sentencing, his theory was that a deceased police officer and the two complainants set him up. He said nothing about deputy sheriffs threatening to beat him if he did not plead no contest. In fact, he stated that he did not want to withdraw his plea. (10/29/08 Sentencing Tr. at 14-15.) The affidavit, therefore, is not a basis for reconsideration of the Court's dispositive opinion.

### C. The Motion to Add Kathy Beadle to Plaintiff's List of Witnesses

The caption and heading for this motion indicate that the motion was meant to be filed in a civil rights case that is or was pending in the Western District of Michigan. Because the motion has no relevance to this case and was improperly filed here, the motion (ECF No. 129) is denied without prejudice.

### D. The Motion to Provide Petitioner with the Cost of Copies

Petitioner has asked the Court to inform him of the cost for providing him with one copy of the entire file in this case. The motion (ECF No. 132) is granted. The cost of copies for the entire file up to May 9, 2016, when Petitioner filed his motion is $845.00. Any items filed after that date would cost $.50 per page.

### E. The Motion for Release on Bond

Petitioner seeks release on bond pending his appeal in this case. He claims that he is not a risk to society or to the proper administration of justice and that he has

strong ties to family and the community. Additionally, Petitioner asserts that he has been incarcerated on an invalid conviction for eight and a half years and that the state trial court violated his constitutional rights when sentencing him because the court failed to inform him that he would be subject to lifetime electronic monitoring.

"A district court may grant bail upon granting the writ [of habeas corpus]," *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984) (emphasis omitted), but there is no absolute right to release on bond when, as here, a district court denies a habeas petition. Furthermore, Petitioner's case is pending before the Court of Appeals, and his motion for release on bond should be directed to the Court of Appeals. As such, this Court denies the motion for release on bond (ECF No. 134).

### III. Summary

For the reasons given above, the Court:

• denies Petitioner's motion for reconsideration (ECF No. 124) and Petitioner's motion to grant the motion for reconsideration (ECF No. 135);

• grants Petitioner's motion to file a sworn affidavit (ECF No. 125);

• denies Petitioner's motion to add Kathy Beadle to his list of witnesses (ECF No. 129;

• grants Petitioner's motion to provide him with the cost of copies (ECF No. 132); and

• denies Petitioner's motion for release on bond (ECF No. 134).

IT IS SO ORDERED.

Date: September 7, 2016                         s/John Corbett O'Meara
                                                United States District Judge

     I hereby certify that on September 7, 2016 a copy of this order was served upon the parties of record using the court's ECF system and/or first-class U.S. mail.

                                                s/William Barkholz
                                                Case Manager