UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent.

Case No. 10-11052
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

---

ORDER DENYING PETITIONER'S MOTION TO ALTER
OR AMEND THE JUDGMENT [161] AND MOTION TO
GRANT THE MOTION TO ALTER OR AMEND THE JUDGMENT [162]

---

On March 19, 2018, now retired District Judge John Corbett O'Meara granted Petitioner Derrick Lee Smith permission to file an affidavit, but denied his motions for release on bond and for a writ of habeas corpus based on newly discovered evidence. Following reassignment of the case, Smith asks this Court to alter or amend the March 19, 2018 order. He argues the decision was erroneous, not based on proper facts, arbitrary and capricious, and constituted an abuse of discretion. This Court disagrees. Accordingly, the motion to alter or amend the judgment, (ECF No. 161), and the related motion to grant the motion to alter or amend the judgment, (ECF No. 162), will be denied.

**I.**

The charges against Smith arose from the kidnaping and sexual assault of two women in Detroit, Michigan on January 13, 2008. Smith pleaded no contest on October 14, 2008, to two counts of kidnapping, Mich. Comp. Laws § 750.349, and six counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(c) (sexual penetration during the commission

of another felony). There was no plea agreement, but the trial court agreed to sentence Smith at the low end of the sentencing guidelines, which were scored at 270 to 450 months (twenty-two and a half to thirty-seven and a half years). On October 29, 2008, the trial court sentenced Smith within the sentencing guidelines to eight concurrent terms of twenty-two and a half to seventy-five years in prison.

Smith appealed his convictions and sentence, but the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Smith*, No. 294843 (Mich. Ct. App. Jan. 4, 2010), and on May 25, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *People v. Smith*, 486 Mich. 929; 781 N.W.2d 818 (2010) (table). Smith pursued other post-conviction remedies in state court without success.

Meanwhile, on March 16, 2010, Smith filed his habeas corpus petition. (ECF No. 1.) Three months later, he requested and was subsequently granted a stay of the federal proceeding while he pursued state-court remedies. (ECF No. 4, 7.)

On April 30, 2012, Smith filed an amended petition (ECF No. 20), and on July 19, 2012, Judge O'Meara re-opened this case. (ECF No. 21.) The case was stayed and re-opened one additional time (ECF No. 43, 65), and on September 26, 2014, Smith filed a second amended petition. (ECF No. 66.) The State filed an answer to the petition (ECF No. 73), and on March 9, 2016, Judge O'Meara denied the petition on the merits. (ECF No. 122.) The Sixth Circuit Court of Appeals then denied Smith's motion for a certificate of appealability on January 31, 2017. (ECF No. 138.)

Meanwhile, Smith filed a successive motion for relief from judgment in the state trial court. He challenged the scoring of his sentencing guidelines and also alleged that he recently became aware that his sentence included a provision for lifetime electronic monitoring. The trial court

denied Smith's motion because Smith had failed to identify either newly discovered evidence or a retroactive change in the law. *See People v. Smith*, No. 08-8639-01-FC (Wayne Cty. Cir. Ct. Aug. 8, 2016) (unpublished). The Michigan Court of Appeals denied leave to appeal on the ground that Smith had failed to establish that the trial court erred in denying his post-conviction motion. *See People v. Smith*, No. 335215 (Mich. Ct. App. Feb. 6, 2017). The Michigan Supreme Court denied leave to appeal because Smith's motion for relief from judgment was barred by the Michigan court rule governing second or successive motions. *See People v. Smith*, 501 Mich. 945; 904 N.W.2d 609 (2017).

Smith also filed several post-judgment motions in this Court, including one which he titled "Motion for Leave to File Motion for Granting Writ of Habeas Corpus Based on New Claims . . . Showing the Judgment of Sentence is Illegal . . . ." (ECF No. 133.) Judge O'Meara transferred that motion to the Sixth Circuit Court of Appeals as a second or successive habeas petition pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997, and *Gonzalez v. Crosby*, 545 U.S. 524 (2005). (ECF No. 137.) The Sixth Circuit remanded the case to Judge O'Meara for a decision on the merits of Smith's motion, finding it was not a second or successive habeas petition. (ECF No. 139.)

Judge O'Meara subsequently addressed Smith's arguments on the merits and rejected them on March 19, 2018. (ECF No. 158.) Smith appealed this decision (ECF No. 159) and then filed in this Court the pending motion to alter or amend the March 19, 2018 order. (ECF No. 161, 162.)

**II.**

Although Smith's motion refers to Federal Rules of Civil Procedure 50(c) and 59(c), he appears to be bringing the motion under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties

3

and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir. 1986)).

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with this district's local rule on motions for reconsideration, providing that "The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

### III.

Smith's main argument is that, before he pleaded no contest, the state trial court did not inform him that he would be subject to lifetime electronic monitoring following his release from prison. Smith contends that this violated Michigan Court Rule 6.302 and his right to due process and also rendered his no-contest plea involuntary. Smith further alleges that the State never addressed this issue and Judge O'Meara failed to acknowledge the State's failure to address the issue.

But Judge O'Meara did adjudicate the issue in his March 19, 2018 ruling. He concluded that the failure to advise Smith of the lifetime electronic monitoring requirement did not render Smith's plea involuntary, unknowing, or a violation of due process. Judge O'Meara also found no Eighth Amendment violation. So the issue raised by Smith was addressed in the March 19, 2018

4

order, and Smith fails to identify any clear error of law or manifest injustice. Thus, Smith is not entitled to relief from Judge O'Meara's order.

Next, Smith alleges that Judge O'Meara failed to consider the fact that Sergeant David Cobb of the Detroit Police Department forced the two victims to falsify the kidnaping and rape allegations. Smith asserts that while Judge O'Meara granted leave to file affidavits on that issue, he failed to consider whether the accusations against him were false.

The only affidavits submitted by Smith were his own. They say nothing about the victims recanting their testimony. (*See* ECF No. 126, 150.) And the Court has not found any recanting affidavits from the victims in the record, or any affidavit from Officer Cobb, stating that he framed Smith for the crimes of kidnaping and rape. So the Court declines to grant relief on Smith's claim regarding Sergeant Cobb and recanting affidavits.

In a final claim, Smith alleges that the March 19, 2018, decision was arbitrary and capricious because: (1) it allowed Smith's state-court judgment to stand even though Smith's no-contest plea was invalid; (2) it denied Smith's post-judgment motions even though it states that reasonable jurists could debate the issues and that the issues deserve further review; and (3) Judge O'Meara's decisions have always been in favor of the State.

Judge O'Meara's 18-page decision details his analysis of the facts and law. The Court has already addressed the issue of the validity of Smith's plea. And the fact that Judge O'Meara ruled against Smith but also granted him a certificate of appealability in no way renders the March 19 decision arbitrary and capricious.

**IV.**

Smith has failed to show any clear error of law or palpable defect in the March 19, 2018 order, or that relief from that order is necessary to prevent manifest injustice. Nor is Smith relying

5

on newly discovered evidence or an intervening change in controlling law. Accordingly, the Court denies Smith's motion to alter or amend the judgment (ECF No. 161) and Smith's motion to grant the motion to alter or amend the judgment (ECF No. 162.)

    IT IS SO ORDERED.

                        s/Laurie J. Michelson
                        LAURIE J. MICHELSON
                        UNITED STATES DISTRICT JUDGE

Date: December 11, 2018

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 11, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

                        s/William Barkholz
                        Case Manager