UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent.

Case No. 10-11052
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [165]**

Derrick Lee Smith asks the Court to reconsider its order denying his motion to alter or amend the judgment in this case. As the motion is untimely and Smith has not demonstrated any palpable defect by which the Court and the parties have been misled, the motion for reconsideration will be denied.

**I.**

Smith pled no contest in 2008 to two counts of kidnapping and six counts of criminal sexual conduct in the first degree.

Smith appealed his convictions and sentence and also pursued other post-conviction remedies in state court, all without success.

On March 16, 2010, Smith filed a habeas corpus petition in this court. (ECF No. 1.) The case was stayed and re-opened twice to allow Smith to exhaust his state court remedies. Ultimately, now retired District Judge John Corbett O'Meara denied Smith's habeas petition on the merits. (ECF No. 122.) Smith appealed the decision, but the United States Court of Appeals for the Sixth Circuit denied Smith's motion for a certificate of appealability. (ECF No. 138.)

Smith filed several post-judgment motions in this Court. One raised a new claim that the judgment of sentence was illegal. (ECF No. 133.) Smith alleged that (1) his no-contest plea was involuntary because the trial court failed to inform him that he would be subject to lifetime electronic monitoring and (2) the state sentencing guidelines were inaccurately scored. Another motion sought permission to file an affidavit. (ECF No. 150.) In an opinion and order entered on March 19, 2018, Judge O'Meara rejected Smith's claims about his sentence, but granted Smith's request to file an affidavit. (ECF No. 158.)

Smith then filed a motion to alter or amend this decision. (ECF No. 161.) He argued that, before he pleaded no contest, the state trial court did not inform him that he would be subject to lifetime electronic monitoring following his release from prison. Smith believed this violated Michigan Court Rule 6.302 and his right to due process and also rendered his no-contest plea involuntary. Smith further alleged that the State never addressed this issue and Judge O'Meara failed to acknowledge the State's failure to address the issue it. Smith also criticized Judge O'Meara for not addressing certain affidavits that Smith claimed to have filed. According to Smith, the affidavits indicated that the victims had recanted their testimony and that Sergeant David Cobb of the Detroit Police Department had forced the women to falsify the kidnaping and rape allegations.

On December 11, 2018, following the reassignment of the case, this Court denied Smith's motion to alter or amend the judgment. (ECF No. 163.) The court found that Judge O'Meara did adjudicate the sentencing issue in his March 19, 2018 ruling. He concluded that the failure to advise Smith of the lifetime electronic monitoring requirement did not render Smith's plea involuntary, unknowing, or a violation of due process or the eighth amendment. (*Id.*) The court also found that the only affidavits submitted by Smith were his own and they said nothing about

the victims recanting their testimony. (*Id.*) So the Court declined to grant relief on Smith's claim regarding Sergeant Cobb and recanting affidavits. (*Id.*)

Smith now seeks reconsideration of the Court's order denying his motion to alter or amend the judgment. (ECF No. 165.) Attached to the motion are apparent statements and affidavits that Smith alleges were part of the record and ignored by the Court. (ECF No. 165, PageID.2186–2203.) Smith contends that the documents are proof that he did not rape the victims. Smith urges the Court to review the documents and grant him a trial on the original charges. Smith is not entitled to the relief requested.

**II.**

First, the motion is untimely. "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The Court issued its order denying Smith's motion to alter or amend the judgment on December 11, 2018. And while Smith did not date his subsequent motion for reconsideration, it is postmarked January 10, 2019, and was filed with the Clerk of Court on February 7, 2019. (ECF No. 165.)

Second, to warrant reconsideration, the moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Smith has not met this burden.

Smith has submitted various documents that he alleges support his claim of actual innocence. In an "affidavit/letter" dated August 2, 2018, Barbara Dunn states that she and the alleged victims had consensual sex with Smith in January of 2008. (ECF No. 165, PageID.2186.) Dunn further alleges that, during the incident in January of 2008, an armed man wearing a police uniform with the name "David Cobb" on it arrived on the scene and put a gun to Smith's head.

(*Id.*) The armed man then remarked to the alleged victims that their plan had come together. (*Id.*) The man also made it appear like he had caught Smith raping the women. (*Id.*) Dunn concludes that the alleged victims were working with the officer to fabricate the charges against Smith. (*Id.*) She states that Smith did not rape anyone and that she would be willing to appear in court and testify accordingly. (*Id.*)

Smith also has a statement from Linda Gabriel. (ECF No. 165, PageID.2187–2189.) Gabriel claims that Smith informed her after his arrest that two Macomb County police officers had put him in a vehicle with the alleged victims, drugged him, beat him, and arrested him after the alleged victims raped him. (*Id.*)

An unsigned and undated document states that Smith is not capable of committing the charged crime and that he was railroaded into pleading guilty to a crime he did not commit. (ECF No. 165, PageID.2193.) Still other statements suggest that Sergeant Cobb and the alleged victims faked the rapes because Smith would not comply with Sergeant Cobb's requests to sell drugs for him or to do something to Cobb's wife. (ECF No. 165, PageID.2194, 2196–97.)

None of these documents were before the Court during its earlier decision. More importantly, none of them are from the victims or officer Cobb. And they certainly cannot be characterized as the victims recanting their testimony. So the Court did not err when it found that Smith had not attached to his motion to alter or amend the judgment any such affidavits from the victims recanting their testimony. (ECF No. 163, PageID.2180.)

Smith's claim of actual innocence is equally meritless. Such claims "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not

imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. And no constitutional violation has been found.

Further, Smith has not satisfied the "extraordinarily high" threshold needed to show that he is actually innocent of the crimes for which he is incarcerated. First is the suspicious timing of the documents. Next, Dunn's "affidavit/letter" contradicts Gabriel's letters. The documents also contradict the sworn testimony of two police officers and the two victims at the preliminary examination. (ECF Nos. 25-4, 25-5.) Finally, the documents contradict Smith's statement at the plea proceeding that he was pleading no contest freely and voluntarily. (ECF No. 25-6, PageID.406.) In fact, he agreed that the transcript of the preliminary examination could be incorporated by reference for purposes of his plea, and his attorney was satisfied with the prosecutor's recitation of the facts. (ECF No. 25-6, PageID.403, 407–09.)

Smith has not made a credible claim of actual innocence or shown any palpable defect in the denials of his motion to alter or amend the judgment. So Smith's motion for reconsideration (ECF No. 165) is DENIED.

IT IS SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: July 11, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, July 11, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                                  s/William Barkholz
                                                  Case Manager