UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent.

Case No. 10-11052
Honorable Laurie J. Michelson

**OPINION AND ORDER
TRANSFERRING PETITIONER'S REQUEST [170] AND RULE 60(b)
MOTIONS [171, 172] TO THE COURT OF APPEALS**

In 2010, Derrick Smith, a state prisoner in the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith challenged his no-contest plea to two counts of kidnapping and six counts of criminal sexual conduct in the first degree. In 2016, then presiding Judge John Corbett O'Meara denied Smith's second amended habeas petition. (ECF No. 122.) Smith filed several post-judgment motions, including a motion for leave to file a new habeas petition based on new claims. (ECF No. 133.) Judge O'Meara treated this as a motion to amend Smith's original habeas petition and in 2018, denied the new claims on their merits. (ECF No. 158.) Smith appealed, and in August 2019, the Sixth Circuit affirmed Judge O'Meara's decision. (ECF No. 169.)

About two years later, in June 2021, Smith filed a request to re-open his case. (ECF No. 170.) And in September 2021, he filed two motions for relief from judgment

under Federal Rule of Civil Procedure 60(b). (ECF Nos. 171, 172.) (By this time, Judge O'Meara had retired, and so the case had been reassigned to the undersigned.)

Because these motions are second or successive petitions for a writ of habeas corpus, this Court lacks jurisdiction to adjudicate them without prior authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). So the Court will transfer Smith's motions to the Court of Appeals for a determination of whether this Court may adjudicate Smith's new claims.

I.

The long procedural history of this case begins in 2008, when Smith pleaded no contest in Wayne County Circuit Court to two counts of kidnapping under Mich. Comp. Laws § 750.349 and six counts of criminal sexual conduct in the first degree under Mich. Comp. Laws § 750.520b(1)(c). (*See* ECF No. 158, PageID.2143.) The trial court sentenced Smith within the sentencing guidelines to eight concurrent terms of 270 to 900 months (22 and a 1/2 to 75 years). (*See id.* at 2143–2144.)

After both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal, Smith filed a second amended petition for habeas relief in this District. (ECF No. 66.) This petition raised 42 claims about events that preceded Smith's no-contest plea, his rights under the Double Jeopardy Clause, the pretrial and plea proceedings, the trial judge's handling of the presentence report, the trial judge's alleged bias, and the alleged failure to provide Smith with transcripts. (*Id.*) In 2016, Judge O'Meara denied Smith's petition. (ECF Nos. 122, 123.) Smith

2

appealed, but the Sixth Circuit denied Smith's motion for a certificate of appealability in January 2017. (ECF No. 138.)

Smith also filed several post-judgment motions with the district court in 2016, including a "Motion for Leave to File Motion for Granting Writ of Habeas Corpus Based on New Claims Discovered . . . ." (ECF No. 133.) This motion alleged that the trial court failed to advise Smith that he would be subject to lifetime electronic monitoring (LEM) as a result of his plea and that the trial court improperly calculated Smith's sentence. (*Id.*) Though originally transferred to the Sixth Circuit as a second or successive habeas petition, the Sixth Circuit directed the district court to consider the motion as a motion to amend Smith's second amended habeas petition. (ECF No. 139.) In March 2018, Judge O'Meara denied Smith's claims on the merits. (ECF No. 158.)

Smith appealed Judge O'Meara's 2018 decision. (ECF No. 159.) While awaiting a decision from the Sixth Circuit, Smith's case was reassigned to this Court. In December 2018, this Court denied two of Smith's motions to alter or amend Judge O'Meara's 2018 ruling. (ECF No. 163.) And in August 2019, the Sixth Circuit affirmed Judge O'Meara's 2018 decision that denied his new claims on the merits. (ECF No. 169.)

That brings us to the motions currently before the Court. Almost two years later, in June 2021, Smith filed a request to re-open his habeas case (ECF No. 170), which the Court will treat as a motion. Smith alleges that a new Michigan court rule entitles the state and defendants in criminal prosecutions to a probable cause

3

conference. *See* Mich. Ct. R. 6.108. Smith requests that the Court retroactively apply the state court rule to his criminal case and grant relief due to the lack of a probable cause conference in his state criminal proceedings. (ECF No. 170, PageID.2219–2222.)

A few months after that, Smith filed two more motions: a September 14 motion for relief from judgment and to re-open this case (ECF No. 171), and a September 15 motion for relief from judgment (ECF No. 172). In his first motion for relief from judgment, Smith alleges that the limited application of the new Michigan court rule to individuals who were convicted after January 1, 2015, violates his right to equal protection of the law. (ECF No. 171, PageID.2224.) Smith makes the same arguments in his September 15 motion for relief from judgment but adds several other arguments. (*See* ECF No. 172, PageID.2227–2228, 2233–2235, 2240–2245.) Smith also claims that newly discovered evidence supports his claim of innocence, that police corruption occurred in his case, and that his no-contest plea was invalid because there was an inadequate factual basis for his plea. (*Id.* at PageID.2229–2232.) Smith further alleges ineffective assistance of counsel because his counsel failed to make an argument about lifetime electronic monitoring (LEM) on appeal. (*Id.* at PageID.2235–2240.) Smith asks the Court to re-open his habeas case, to address these issues on their merits, to vacate his convictions, and to remand his case to the state trial court so it can hold a probable cause conference. (*Id.* at PageID.2245–2246.)

4

## II.

Smith's Rule 60(b) motion is a second or successive habeas petition, and therefore, he must clear the precertification hurdle set out in 28 U.S.C. § 2244(b) before this Court can adjudicate his claims.

The Court first considers whether Smith's Rule 60(b) motions can be construed as "applications" for habeas relief. For Smith's Rule 60(b) motions to be considered habeas petitions, the filings must contain one or more "claims." *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[I]t is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more "claims.'"). A "claim" in this context asserts a "federal basis for relief from a state court's judgment of conviction." *See id.* at 530. A Rule 60(b) motion states a habeas claim if, for example, it seeks leave to present a claim of constitutional error that was omitted from the habeas petition due to excusable neglect; it seeks leave to present newly discovered evidence in support of a claim previously denied; or it contends that a subsequent change in substantive law justifies relief from the previous denial of a claim. *Id.* at 530–531. A motion that seeks to add a new ground for relief will "of course qualify" as a habeas claim. *Id.* at 533.

Smith's motions for relief from judgment and to re-open this case present claims that "assert a federal basis for relief" from his state court convictions. *See Gonzalez*, 545 U.S. at 530. For example, he presents a new claim that his rights under the Fourteenth Amendment Equal Protection Clause were violated because he was not given a probable cause hearing based on a Michigan Court Rule that was enacted

5

after he was convicted, and because there was no probable cause hearing, the circuit court lacked jurisdiction to accept his plea. (*See, e.g.*, ECF No. 172, PageID.2240–2245.) This is a claim both about constitutional error and a subsequent change in the law. Smith also argues that his plea lacks a sufficient factual basis and thus violates due process (*id.* at PageID.2230–2233), which is a new claim of constitutional error. Relatedly, Smith argues that his counsel was ineffective in failing to raise this issue on appeal. (*Id.*) Smith further argues that his counsel was ineffective in failing to make LEM-related arguments on appeal, which affected the voluntariness of his plea. (*Id.* at PageID.2235–2240.) This is a new argument based in constitutional law.[1] And Smith argues that all of these alleged violations require the Court to "withdraw the plea, vacate conviction and sentence and vacate the plea and remand the case back to the district court . . . for a probable cause conference as he had a right to be provided[.]" (ECF No. 172, PageID.2245.) So Smith alleges that these violations necessitate vacating his convictions, which are the "judgment[s] authorizing [Smith's]

---

[1] Smith also seems to claim that a 2020 Michigan Court of Appeals case, *People v. Marshall*, has established a "new rule" regarding advising a defendant about LEM and the voluntariness of a plea. (ECF No. 172, PageID.2235); *see also* No. 345872, 2020 WL 1969451 (Mich. Ct. App. Apr. 23, 2020). To the extent this claim repeats Smith's arguments made in his "Motion for Leave to File Motion for Granting Writ of Habeas Corpus. . . ." (ECF No. 133), it is dismissed. *See Gonzalez*, 545 U.S. at 530 ("Under § 2244(b), the first step of analysis is to determine whether a claim presented in a second or successive habeas corpus application was also presented in a prior application. If so, the claim must be dismissed[.]"). And, as stated in a prior opinion, a perceived error of state law is not a proper basis for a federal court to grant habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law"); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) (explaining that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). So if Smith seeks to assert a claim solely based on state law apart from his ineffective assistance of counsel claim, it is also dismissed.

6

confinement." *See In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019). Smith's request and Rule 60(b) motions present new claims for habeas relief and are thus applications for habeas relief.

But there is another requirement that must be met before a district court may treat a post-judgment motion as a "second or successive petition" for habeas relief. "[A] Rule 60(b) motion or a motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired." *Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016). "In other words, if the district court has not lost jurisdiction of the original habeas petition to the court of appeals, and there is still time to appeal, a post-judgment motion is not a second or successive habeas petition." *Id.*

This requirement is met here. Smith filed the motion to re-open his case and the two Rule 60(b) motions several years after his original habeas petition was denied by the district court and the Sixth Circuit declined to issue a certificate of appealability. (*See* ECF Nos. 122, 138.) And these motions were filed almost two years after the Sixth Circuit affirmed Judge O'Meara's order denying Smith's amended claims related to LEM and the state trial court's miscalculation of the sentencing guidelines. (*See* ECF Nos. 158, 169.) So by either measure, Smith has already exhausted his appellate remedies, and his 2021 motions are second or successive habeas petitions.

And because they are second or successive habeas petitions, the Court may not consider these claims without prior certification from the Sixth Circuit. *See* 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) ("The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition and requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a second or successive petition in district court.").

Accordingly, the Clerk of the Court shall transfer Smith's request (ECF No. 170) and motions for relief from judgment (ECF Nos. 171, 172) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED.

Dated: February 9, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE