UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent.

Case No. 10-11052
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S
MOTIONS FOR RECONSIDERATION [179, 180],
REQUEST FOR CERTIFICATION [181, 185],
REQUEST FOR COURT-APPOINTED COUNSEL [182],
AND MOTION TO STAY PROCEEDINGS [187]**

This case has a long procedural history in this Court. In 2010, Derrick Smith, a state prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith challenged his no-contest plea to two counts of kidnapping and six counts of criminal sexual conduct in the first degree. In 2016, then-presiding District Judge John Corbett O'Meara denied Smith's second amended habeas petition. (ECF No. 122.) Smith filed several post-judgment motions, including a motion for leave to file a new habeas petition based on new claims. (ECF No. 133.) Judge O'Meara treated this as a motion to amend Smith's original habeas petition and, in 2018, denied the new claims on their merits. (ECF No. 158.) In August 2019, the Sixth Circuit affirmed Judge O'Meara's decision. (ECF No. 169.)

About two years later, in June 2021, Smith filed a request to reopen his case. (ECF No. 170.) And in September 2021, he filed two motions for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF Nos. 171, 172.) (By this time, Judge O'Meara had retired, and the case had been reassigned to the undersigned.) The Court transferred these motions to the Sixth Circuit as second or successive petitions for a writ of habeas corpus. (ECF No. 173.) The Sixth Circuit ultimately dismissed the motions because Smith failed to comply with its local rules. (ECF No. 174.)

Most recently, Smith filed another motion for relief from judgment (ECF No. 175), which this Court again transferred to the Sixth Circuit as a second or successive petition for a writ of habeas corpus (ECF No. 176). As far as the Court is aware, the case is still pending before the Sixth Circuit.

Smith asks for reconsideration of this order. (ECF Nos. 179, 180 (additional exhibit).) Smith cites case law in support of his argument, but none of the cited cases address an analogous situation. As the case law cited in Smith's motion does not persuade this Court that it erred in transferring his Rule 60 motion to the Sixth Circuit as a second or successive habeas petition, the motions are DENIED. *See* LR E.D. Mich. 7.1(h)(2)(A) (providing for reconsideration where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision").

Smith further requests that this Court certify that "it was in fact presented" with "new information to support" Smith's claims. (ECF No. 185, PageID.2295; *see*

2

*also* ECF No. 181.) He says this certification is necessary because the Sixth Circuit has previously informed him that it will not consider new evidence that has not been presented to the district court. (*Id.*)

The Court declines to issue such a certification. Smith's second or successive petition has been transferred to the Sixth Circuit so the Sixth Circuit can decide whether to authorize this Court to hear the petition in the first instance. *See* 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for *an order authorizing the district court to consider the application*." (emphasis added)). Accordingly, this Court has not considered any new evidence Smith has submitted on the merits because it does not have jurisdiction to do so. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (finding district court lacked jurisdiction to "consider the new iteration of [petitioner's]" claim where petitioner "seeks to present new evidence in support of" the claim). Thus, the Court DENIES Smith's requests (ECF Nos. 181, 185).

The Court also declines to appoint Smith counsel because this case is closed. His request (ECF No. 182) is thus DENIED.

Finally, Smith moves the Court to "stay all habeas proceedings in this case" because he has filed a new motion with the state trial court pursuant to Michigan Court Rule 6.500. (ECF No. 187, PageID.2316–2317.) It appears that a briefing schedule has been entered for that motion. Order, *State of Michigan v. Derrick Lee Smith*, Case No. 08-008639-01-FC (3d Jud. Ct. June 7, 2023). However, since this case

3

is closed, and the Court has no jurisdiction over any pending habeas petition or proceeding, this motion is also DENIED.

**SO ORDERED.**

Dated: August 10, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 10, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

4