UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

    Petitioner,

v.

CATHERIN BAUMAN,

    Respondent.

Case No. 10-11052
Honorable Laurie J. Michelson

**OPINION AND ORDER TRANSFERRING PETITIONER'S
RULE 60(b) MOTION [193] TO THE COURT OF APPEALS AND
DENYING MOTION FOR BOND PENDING REVIEW [196]**

**I.**

This case has a long procedural history in this Court. In 2010, Derrick Smith, a state prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith challenged his no-contest plea to two counts of kidnapping and six counts of criminal sexual conduct in the first degree. In 2016, then-presiding District Judge John Corbett O'Meara denied Smith's second amended habeas petition. (ECF No. 122.) Smith filed several post-judgment motions, including a motion for leave to file a new habeas petition based on new claims. (ECF No. 133.) Judge O'Meara treated this as a motion to amend Smith's original habeas petition and, in 2018, denied the new claims on their merits. (ECF No. 158.) In August 2019, the Sixth Circuit affirmed Judge O'Meara's decision. (ECF No. 169.)

About two years later, in June 2021, Smith filed a request to reopen his case. (ECF No. 170.) And in September 2021, he filed two motions for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF Nos. 171, 172.) (By this time, Judge O'Meara had retired, and the case had been reassigned to the undersigned.) The Court transferred these motions to the Sixth Circuit as second or successive petitions for a writ of habeas corpus. (ECF No. 173.) The Sixth Circuit ultimately dismissed the motions because Smith failed to comply with its local rules. (ECF No. 174.)

On April 3, 2023, Smith filed another motion for relief from judgment (ECF No. 175), which this Court again transferred to the Sixth Circuit as a second or successive petition for a writ of habeas corpus (ECF No. 176). On August 17, 2023, the Sixth Circuit issued an order denying Petitioner's motions for authorization to file a second or successive § 2254 petition. (ECF No. 190.)

Now Smith has filed a fourth motion for relief from judgment under Rule 60(b) (ECF No. 193) and a request for bond pending review (ECF No. 196). The Court concludes that the motion for relief from judgment must be construed as a second or successive petition for a writ of habeas corpus. As such, and as Smith is now well aware, this Court lacks jurisdiction to adjudicate it without prior authorization from the Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A).  So the Court will transfer Smith's motion to the Court of Appeals for a determination of whether this Court may adjudicate Smith's claims based on new evidence.  In light

2

of the decision to transfer, the Court denies Smith's motion for bond pending review.

## II.

In his Rule 60(b) motion, Smith presents newly discovered evidence in the form of a December 13, 2023, affidavit signed by the complaining witness averring that her preliminary examination testimony was false. More specifically, she avers that Smith did not rape her or kidnap her sister. She further avers that she "was paid to say these things by Sgt. Cobb." (ECF No. 193, PageID.2349.) Smith argues that the recantation of her testimony establishes his actual innocence because the testimony formed the factual basis of his no-contest plea. (ECF No. 193, PageID.2337.)

"[W]hen faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016).

The Court first considers whether Smith's Rule 60(b) motion can be construed as an "application" for habeas relief. For a Rule 60(b) motion to be considered a habeas petition, the filing must contain one or more "claims." *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[I]t is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'"). A "claim" in this context asserts a "federal basis for relief from a state

3

court's judgment of conviction." *See id*. at 530. A Rule 60(b) motion states a habeas claim if, for example, it seeks leave to present a claim of constitutional error that was omitted from the habeas petition due to excusable neglect; it seeks leave to present newly discovered evidence in support of a claim previously denied; or it contends that a subsequent change in substantive law justifies relief from the previous denial of a claim. *Id*. at 530–31.

Smith's motion is clearly a second or successive habeas corpus application under § 2244. The motion relies on newly discovered evidence to assert an actual innocence claim based on the recantation of the complaining witness's testimony. Smith further argues that this new evidence undermines the factual basis of his plea. It is true that Smith previously raised without success a similar claim arguing that the "trial court should have dismissed the charges because the complainants' testimony was false." (ECF No. 122, PageID.1641.) Moreover, Smith already raised an actual innocence claim, which Judge O'Meara denied. (*Id*. at PageID.1642.) To the extent he seeks to do so again with new evidence, the proper method would be through obtaining authorization to file a second or successive § 2254 petition from the Sixth Circuit, not by filing a Rule 60(b) motion with this Court. *Haymon v. Lindamood*, No. 18-5507, 2018 WL 8335495, at * 2 (6th Cir. Dec. 11, 2018) ("[W]here [petitioner] was not challenging a procedural ruling on the underlying constitutional claims, the proper avenue for [petitioner] to have his actual-innocence claim considered was through a motion for

4

authorization to file a second or successive § 2254 petition, not a Rule 60(b) motion.").

But there is another requirement that must be met before a district court may treat a post-judgment motion as a "second or successive petition" for habeas relief. "[A] Rule 60(b) motion . . . is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired." *Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016). "In other words, if the district court has not lost jurisdiction of the original habeas petition to the court of appeals, and there is still time to appeal, a post-judgment motion is not a second or successive habeas petition." *Id.*

When transferring Smith's other motions for relief from judgment (ECF No. 173), the Court recognized that it had denied Smith's amended habeas petition and he exhausted his appellate remedies. So the Court no longer has jurisdiction over the original habeas petition. Accordingly, the motion meets both requirements of a second or successive habeas petition. And because it is a second or successive habeas petition, the Court may not consider it without prior certification from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) ("The Antiterrorism and Effective Death Penalty Act of

1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition and requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a second or successive petition in district court.").

The Court also clarifies that it does not matter if Smith intended to bring a second or successive habeas corpus application. In other words, even if Smith would prefer to proceed under Rule 60(b), the law prohibits the Court from doing so here. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (finding district court lacked jurisdiction to "consider the new iteration of [petitioner's]" claim where petitioner "seeks to present new evidence in support of" the claim).

So Smith must first seek leave from the Sixth Circuit under 28 U.S.C. § 2244(b) before this Court can adjudicate his claims on the merits. The Sixth Circuit will determine if his claims satisfy the second-or-successive standard. *See* 28 U.S.C. § 2244 ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

6

Accordingly, the Clerk of the Court shall transfer Smith's motion (ECF No. 193) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court further denies Smith's request for a hearing on the motion as moot. (ECF No. 194.)

Additionally, the Court denies Smith's motion for bond pending review of the motion for relief from judgment and his request for a hearing on the matter. (ECF Nos. 196, 198.) Because the Court has transferred the motion, it is more appropriate for the Sixth Circuit to evaluate a request for bond.

IT IS SO ORDERED.

Dated: September 17, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
