UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

    Petitioner,

v.

CATHERIN BAUMAN,

    Respondent.

Case No. 10-cv-11052
Honorable Laurie J. Michelson

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [204]**

    Since Derrick Smith's habeas petition was denied in 2016 (ECF No. 122), Smith has repeatedly attempted to overturn that decision. Making similar arguments, he has continuously filed motions for reconsideration (ECF Nos. 124, 127, 135, 141, 165, 179, 180) motions for relief from judgment (ECF Nos. 161–162, 171–172, 175), and various other motions in this Court (ECF Nos. 125 (motion for leave to file an affidavit); 129 (requesting evidentiary hearing); 132 (requesting funds to obtain the entire court record); 133 (motion for leave to file a motion to grant habeas corpus petition); 134 (motion for leave to file motion for release on bond pending appeal); 144 (requesting Court to rule on his motion for reconsideration); 150 (motion for leave to file affidavit); 155 (motion to grant writ of habeas corpus); 156 (motion for bond pending appeal); 157 (requesting Court to issue report and recommendation); 164 (motion for a decision on pending motions); 170 (requesting to reopen habeas proceedings); 181 (requesting certification related to an appeal); 182 (requesting counsel); 184 (again requesting counsel); 185 (request to certify); 187 (motion to stay);

194 (request for hearing); 196 (motion for bond); 198 (request for hearing)). He has also taken multiple appeals to the Sixth Circuit (ECF Nos. 130, 159) and had several motions referred to the Sixth Circuit for permission to file a second or successive habeas petition (ECF Nos. 137, 173, 176). All have been denied. (ECF Nos. 136, 138, 143, 152, 158, 163, 166–167, 169, 174, 188–190.)

Undeterred, Smith filed another motion for relief from judgment on February 26, 2024, (ECF No. 193), which this Court again transferred to the Sixth Circuit as a second or successive petition for a writ of habeas corpus (ECF No. 201). On February 6, 2025, the Sixth Circuit issued an order denying Smith's motion for authorization to file a second or successive habeas petition. (ECF No. 202.) Now Smith asks for relief from that judgment. (ECF No. 204.)

In his present motion, Smith argues that the Sixth Circuit did not rule on his request for authorization to file a second or successive habeas petition within 30 days, as specified in 28 U.S.C. § 2244(b)(3)(D). (ECF No. 204, PageID.2392–2393.) This does not entitle Smith to the relief he seeks—that the Court grant Smith's 2024 motion for relief from judgment.

First, the Sixth Circuit has held "§ 2244(b)(3)(D)'s thirty-day restriction is advisory or hortatory rather than mandatory." *In re Siggers*, 132 F.3d 333, 335 (6th Cir. 1997). "§ 2244(b)(3)(D) does not specify a consequence for noncompliance," *id* at 335–36, and the Court's failure to follow this advisory timeline does not entitle a petitioner to any relief. Moreover, the next section, § 2244(b)(3)(E), says "the grant or denial of an authorization by a court of appeals to file a second or successive

2

application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." So the Sixth Circuit's denial of authorization is not reviewable. And certainly not by this Court.

Next, even if the Court reached the merits of Smith's motion for reconsideration, they do not warrant relief. As outlined above, the Court has already ruled on the issues raised many times. And for those same reasons, it would deny reconsideration here too.

IT IS SO ORDERED.

Dated: June 2, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE